Bernice ROBERTS, Plaintiff-Appellant,

v.

Benjamin F. BAILAR,
Defendant-Appellee.

No. 78–1246.

United States Court of Appeals,
Sixth Circuit.

Argued April 15, 1980.

Decided July 8, 1980.

**126**

J. Mikel Dixon, Ambrose, Wilson, Lockridge & Grimm, Knoxville, Tenn., for plaintiff-appellant.

John H. Cary, U. S. Atty., Richard K. Harris, John C. Oldenburg, Knoxville, Tenn., for defendant-appellee.

Before KEITH and MERRITT, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

MERRITT, Circuit Judge.

Plaintiff appeals the dismissal of her sex discrimination suit against the United States Postal Service brought under 42 U.S.C. § 2000e–16 (1976). The suit charged that plaintiff's superiors at the Knoxville, Tennessee, Post Office had subjected her to a pattern of sex discrimination over a four and one-half year period. After a bench trial, the District Court found in favor of the defendant. Because we believe that the Judicial Code required the District Judge to recuse himself, we vacate and remand for a new trial.

**I.**

The substance of plaintiff's complaint is that, because of her gender, postal officials at the Knoxville branch repeatedly frustrated her attempts to enter the managerial ranks of the Postal Service. She claims that the pattern of sex discrimination revealed itself in the elimination of two management positions to which she had been promoted, and in the rejection of her superior applications for two other supervisory jobs. In addition, she alleges that postal authorities made reprisals against her after she sought administrative redress through the Equal Employment Opportunity Commission.

According to plaintiff, the pattern of sex discrimination became evident in 1973. Postal officials in September of that year abolished the Assistant Station Manager position that she held at the Burlington branch post office. In 1974, the officials rejected her bid for the position of Supervisor, Office and Postal Services, despite her qualifications. Soon after she received the Office and Postal Services job in a settlement of two EEOC claims, the Knoxville postal authorities eliminated the position. Her subsequent application for the job of Area Safety Manager was unsuccessful. Plaintiff claims that a purpose of sex discrimination motivated each employment decision plus numerous minor insults to which she also allegedly was subjected.

The Knoxville postal officials offered non-discriminatory explanations at trial.

According to the officials, a collective bargaining agreement provision that prohibited use of supervisors to handle mails justified the abolition of the Assistant Station Manager position. The defendants explained that they had turned down plaintiff's bid for the position of Supervisor, Office and Postal Services, because another employee whose actual job had not yet been authorized was slated for the position. The officials attributed their eventual elimination of the Office and Postal Services job to budgetary retrenchment. The rejection of plaintiff's application for the position of Area Safety Manager, said the officials, was based on merit. Intertwined with each of these explanations was the suggestion that plaintiff's job performance and attitude at times were disappointing. The officials characterized her reprisal claims as baseless.

The explanations satisfied the District Court, which concluded that in only one instance—the rejection of her application for Supervisor, Office and Postal Services— had plaintiff established a prima facie case of sex discrimination. The District Court held that the postal officials adequately had defended their conduct in that instance. The Court thus dismissed the suit.

On appeal from the order of dismissal, plaintiff argues that the trial judge should have recused himself or impaneled an advisory jury. She maintains also that she established an unrefuted prima facie case of each instance of alleged discrimination. Finally, plaintiff claims that the District Court improperly required her to prove discriminatory intent in order to meet her initial burden of proof. Because the failure of the District Judge to recuse himself was erroneous and is dispositive of this appeal, we decide only that issue.

## II.

The recusal controversy concerns a remark that the District Judge made at a pre-trial hearing. At the hearing, the District Court granted a motion to dismiss Knoxville Postmaster C. Edwin Graves as a defendant, and to substitute the Postmaster General of the United States in Graves' place. It was the understanding of the District Court that, under 42 U.S.C. § 2000e–16(c), the Postmaster General was the only proper defendant.[1] According to the affidavit of plaintiff's counsel, the District Judge added that "I know Mr. Graves, and he is an honorable man and I know he would never intentionally discriminate against anybody."[2] There is no dispute that the remark was made.[3]

Plaintiff's counsel filed a motion for recusal, which the District Court denied. The District Court construed the motion as arising under 28 U.S.C. § 144. Section 144 provides in part that "[w]henever a party . . . makes and files a timely and sufficient affidavit that the judge . . . has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further . . . ."[4] The Court observed that it

---

1. 42 U.S.C. § 2000e–16(c) (1976) provides in part that, in civil actions to redress employment discrimination by the federal government, "the head of the department, agency, or unit, as appropriate, shall be the defendant." *See generally Carver v. Veterans Administration*, 455 F.Supp. 544, 545 n.2 (E.D.Tenn.1978).

2. Affidavit of Philip P. Durand, Appendix at 10a.

3. Hence we need not reach the question of whether, under 28 U.S.C. § 455(a), we must accept as true the allegations contained in the affidavit, as we must under 28 U.S.C. § 144. *See* 13 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3551, at 381 (1975 & Cum.Supp.1980); Comment, *Disqualification of Federal Judges for Bias or Prejudice*, 46 U.Chi.L.Rev. 236, 238, 260 (1978).

4. The full text of 28 U.S.C. § 144 (1976) reads:
   Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
   The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it

was "confident of its ability to conduct a fair trial of the merits of this case," and declined to recuse itself.[5]

Because plaintiff failed to sign the affidavit, we find no error in the denial of the motion under § 144 by the District Court. Section 144 expressly requires the "party" to execute the document. Plaintiff's counsel, not plaintiff, signed and filed the affidavit that accompanied the motion to recuse. The motion to recuse thus was invalid under § 144 from the time that it was filed. See United States ex rel. Wilson v. Coughlin, 472 F.2d 100, 104 (7th Cir. 1973); Giebe v. Pence, 431 F.2d 942, 943 (9th Cir. 1970); Paschall v. Mayone, 454 F.Supp. 1289, 1299–1301 (S.D.N.Y.1978) (affirming denial of § 144 disqualification motions accompanied only by affidavit of counsel).

The District Judge had an independent duty to recuse himself, however, under 28 U.S.C. § 455(a).[6] Section 455(a) is a self-executing provision for the disqualification of federal judges.[7] There is no particular procedure that a party must follow to obtain judicial disqualification under § 455(a).[8] Instead, the section sets forth a mandatory guideline that federal judges must observe sua sponte.[9]

Prior to 1974, § 455 required disqualification of any judge who was so connected with a party that it was improper, "in his opinion," for him to preside at the trial.[10] The test for disqualification under the former § 455 was subjective: disqualification was obligatory only when a judge, in examining his own conscience, found bias unavoidable.[11] In close cases, moreover, the

---

within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

5. Memorandum Opinion (November 16, 1977) at 2, reprinted in Appendix at 15a.

6. The relevant portions of § 455 are as follows:
   (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
   (b) He shall also disqualify himself in the following circumstances:
   (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
   
   \*    \*    \*    \*    \*    \*
   
   (e) No justice, judge, or magistrate shall accept from the parties to the proceeding a waiver of any ground for disqualification enumerated in subsection (b). Where the ground for disqualification arises only under subsection (a), waiver may be accepted provided it is preceded by a full disclosure on the record of the basis for disqualification. 28 U.S.C. § 455 (as amended Dec. 5, 1974, Pub.L. 93–512, § 1, 88 Stat. 1609; Nov. 6, 1978, Pub.L. 95–598, tit. II § 214(a), (b), tit. IV § 402(c), 92 Stat. 2661, 2682).

7. United States v. Amerine, 411 F.2d 1130, 1134 (6th Cir. 1969) (interpreting predecessor to § 455(a)). See SCA Services, Inc. v. Morgan, 557 F.2d 110, 117 (7th Cir. 1977); Davis v. Bd. of School Comm'rs, 517 F.2d 1044, 1051 (5th Cir. 1975), cert. denied, 425 U.S. 944, 96a S.Ct. 1685, 48 L.Ed.2d 188 (1976) (office of § 144 procedure is to disqualify a judge prior to trial

on motion of a party; § 455 is statutory standard for judicial self-disqualification); C. Wright, A. Miller & E. Cooper, supra note 3, at § 3550; Comment, supra note 3, at 260.

8. Id. Neither the text nor the legislative history of § 455(a) contain any suggestion that the procedures of § 144 are applicable to disqualification under § 455(a). See H.R.Rep.No.93–1453, 93d Cong., 2d Sess. (1974), reprinted in [1974] U.S.Code Cong. & Admin.News at 6351; C. Wright, A. Miller & E. Cooper, supra note 3, at § 3550; Comment, supra note 3, at 260. In fact, Congress disregarded suggestions that requirements such as timeliness apply to disqualification under § 455. See generally the discussion in SCA Services, Inc. v. Morgan, 557 F.2d 110, 117 (7th Cir. 1977). Section 455(a), moreover, is a product of the self-enforcing Code of Judicial Conduct, see Comment, supra note 3, at 236, 260.

9. United States v. Amerine, 411 F.2d 1130, 1134 (6th Cir. 1969) (interpreting predecessor to current § 455(a)).

10. The former § 455 provided:
    Any justice or judge of the United States shall disqualify himself in any case in which he has a substantial interest, has been of counsel, is or has been a material witness, or is so related to or connected with any party or his attorney as to render it improper, in his opinion, for him to sit on the trial, appeal, or other proceeding therein.

11. See, e. g., United States v. Haldeman, 559 F.2d 31, 139 (D.C.Cir.1976), cert. denied, 431 U.S. 933, 97 S.Ct. 2641, 53 L.Ed.2d 250 (1977)

judge had a "duty to sit" in spite of his predilections.[12]

▮ To promote public confidence in the impartiality of the federal judicial system,[13] the Congress in 1974 shifted the focus of § 455. "Any . . . judge," § 455(a) now provides, "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."[14] No longer is a judge's introspective estimate of his own ability impartially to hear a case the determinate of disqualification under § 455.[15] The standard now is objective.[16] It asks what a reasonable person knowing all the relevant facts would think about the impartiality of the judge.[17] "[I]f there is a reasonable factual basis for doubting the judge's impartiality," the congressional committee reports on the 1974 amendment to § 455 explain, the judge "should disqualify himself and let another judge preside over the case."[18] Even where the question is close, the judge whose impartiality might reasonably be questioned must recuse himself from the trial.[19]

Under the circumstances of this case, it is clear that a reasonable person would question the impartiality of the District Judge. Postmaster Graves, according to the trial transcript, was intimately connected with most of the personnel decisions of which plaintiff complains. At trial, Graves testified that the 1973 elimination of plaintiff's Assistant Station Manager position was one of his responsibilities.[20] Likewise, Graves acknowledged that he bore responsibility for the 1974 denial of plaintiff's application for Supervisor, Office and Postal Services.[21] Graves also accepted responsibility for the decision to abolish the Office and Postal Services position after plaintiff had attained it in a settlement agreement.[22] At issue in this sex discrimination suit, therefore, were employment decisions for which Graves was, in part at least, responsible. Once the District Judge expressed his ardent sentiments about Postmaster Graves'

(applying pre-1974 statute); *Kinnear-Weed Corp. v. Humble Oil & Refining Corp.*, 441 F.2d 631, 635 (5th Cir.), *cert. denied*, 404 U.S. 941, 92 S.Ct. 285, 30 L.Ed.2d 255 (1971); *Weiss v. Hunna*, 312 F.2d 711, 714 (2d Cir.), *cert. denied*, 374 U.S. 853, 83 S.Ct. 1920, 10 L.Ed.2d 1073 (1963).

12. *See, e. g., Edwards v. United States,* 334 F.2d 360, 362 n.2 (5th Cir. 1964), *cert. denied,* 379 U.S. 1000, 85 S.Ct. 721, 13 L.Ed.2d 702 (1965) (judges have a "duty to sit").

13. *See* House Report, *supra* note 8, at 6, reprinted in [1974] U.S.Code Cong. & Admin. News at 6355 (amendment to § 455 "is designed to promote public confidence in the impartiality of the judicial process").

14. In revising the statutory provision for judicial self-disqualification, the Congress adopted language proposed by the American Bar Association's Canon of Judicial Conduct 3C(1). *See* Comment, *supra* note 3, at 239–40. The Congress, however, continued to make self-disqualification mandatory by substituting the word "shall" for the ABA's "should." *See generally* Note, *Disqualification of Judges and Justices in the Federal Courts,* 86 Harv.L.Rev. 736, 743–44 (1973).

15. *See* House Report, *supra* note 8, at 5–6 reprinted in [1974] U.S.Code Cong. & Admin. News at pp. 6354-55; *Davis v. Bd. of School Comm'rs,* 517 F.2d 1044, 1052 (5th Cir. 1975),

cert. denied, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976).

16. *Id. See Fredonia Broadcasting Corp., Inc. v. RCA Corp.,* 569 F.2d 251, 257 (5th Cir.), *cert. denied,* 439 U.S. 859, 99 S.Ct. 177, 58 L.Ed.2d 167 (1978); Comment, *supra* note 3, at 246–49.

17. *See United States v. Winston,* 613 F.2d 221, 222 (9th Cir. 1980); *Fredonia Broadcasting Corp., Inc. v. RCA Corp.,* 569 F.2d 251, 257 (5th Cir.), *cert. denied,* 439 U.S. 859, 99 S.Ct. 177, 58 L.Ed.2d 167 (1978); *SCA Services, Inc. v. Morgan,* 557 F.2d 110 (7th Cir. 1977); *United States v. Ritter,* 540 F.2d 459, 464 (10th Cir.), *cert. denied, sub nom. Olson Farms, Inc. v. United States,* 429 U.S. 951, 97 S.Ct. 370, 50 L.Ed.2d 319 (1976); *Davis v. Bd. of School Comm'rs,* 517 F.2d 1044, 1052 (5th Cir. 1975), *cert. denied,* 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976).

18. House Report, *supra* note 8, at 5–6, reprinted in [1974] U.S.Code Cong. & Admin.News at 6355.

19. *Id.*

20. Appendix at 164a.

21. Appendix at 166a–67a.

22. Appendix at 171a–76a.

**130**

character, the objective appearance of impartiality vanished.

We intimate no opinion regarding the actual impartiality of the District Judge. Instead, it is the appearance of impartiality with which we are concerned.[23] As the Supreme Court has written, "justice must satisfy the appearance of justice." [24] Clearly, under § 455(a), the District Judge had a duty to recuse himself in order to preserve the indispensable semblance of fairness.

Accordingly, the judgment of the District Court is vacated and the case is remanded for further proceedings consistent with this opinion.

23. *See Fredonia Broadcasting Corp., Inc. v. RCA Corp.*, 569 F.2d 251, 256–57 (5th Cir.), *cert. denied*, 439 U.S. 859, 99 S.Ct. 177, 58 L.Ed.2d 167 (1978); *SCA Services, Inc. v. Morgan*, 557 F.2d 110, 116 (7th Cir. 1977); *Webbe v. McGhie Land Title Co.*, 549 F.2d 1358, 1361 (10th Cir. 1977).

24. *Offutt v. United States*, 348 U.S. 11, 14, 75 S.Ct. 11, 13, 99 L.Ed. 11, 16 (1954).