James BLACK and Georgia Black, Plaintiffs,

v.

AMERICAN MUTUAL INSURANCE COMPANY, Intervening Plaintiff,

v.

CELOTEX CORPORATION d/b/a Philip Carey Corp., Defendant.

Robert Eugene FRYMAN, Jr., Barbara Ann Fryman, Plaintiffs,

v.

CELOTEX CORPORATION d/b/a Philip Carey Corp., Defendant.

Civ. Nos. 77–129, 77–130.

United States District Court, E. D. Kentucky, Covington Division.

Dec. 9, 1980.

Terence L. Moore, Covington, Ky., for Blacks and Frymans.

Bernard J. Blau, Newport, Ky., for American Mutual.

J. Kenneth Meagher, Cincinnati, Ohio, for defendant.

## MEMORANDUM OPINION

BERTELSMAN, District Judge.

This is a products liability case in which the two individual plaintiffs [1] were seriously injured when a liquid product exploded while in a tanker truck. The product was designed to be spread on existing roofs as a waterproofing agent.

---

1. Their workmen's compensation insurer is a co–plaintiff seeking subrogation for benefits paid. *See* KRS 342.700.

This matter is before the court on the motion of the defendant, Celotex Corporation, to disqualify the undersigned judge.[2]

The sole ground for the motion for recusal[3] is based on the fact that, prior to his appointment to his present position, the undersigned judge represented three or four parties in different cases against the Celotex Corporation. These were products liability cases, but did not involve the product at issue in the case at bar or a similar product. All of those prior cases involved roofing systems designed by the defendant which, it was alleged, were improperly designed in that they permitted roofs to leak. Thus, the only common element between those cases and the case at bar is the identity of the defendant, and the fact that the products were to be used on roofs.

The case at bar involves radically different issues and different products from the other cases. This case is brought by two workmen who claim to have been injured when a product allegedly designed to be spread on roofs was heated, as it was admittedly not designed to be, and exploded. The principal issue is whether the defendant issued proper warnings of the alleged explosive propensities of the product.

Shortly after coming to the bench,[3a] the court reminded counsel of the fact that he had practiced cases against Celotex prior to his appointment, and asked if there was any objection. There was none at that time. Indeed, counsel for Celotex was already aware of this fact, because one of his partners was counsel for another party in the principal case in which the undersigned was involved. Counsel's partner represented a client whose claims against Celotex were the same as the party represented by the undersigned. It is interesting to note that Celotex does not consider this fact a conflict. The court also notes that this matter was not raised until a few days before the trial of the case was set, contemporaneously with the commencement of intense settlement negotiations.

As it happened, part of the case was settled, and the trial date was continued. However, certain matters involving the workmen's compensation insurer of the plaintiffs remain to be resolved, so the court must now address defendant's motion.

The court holds that the motion must be denied for the following reasons:

1. One must raise disqualification of a judge under 28 U.S.C. § 144 at the earliest moment after knowledge of the facts demonstrating the basis for such disqualification. *United States v. Patrick*, 542 F.2d 381 (7th Cir. 1976) (Cert. den'd 430 U.S. 931, 97 S.Ct. 1551, 51 L.Ed.2d 775; *United States v. Gigax*, 605 F.2d 507 (10th Cir. 1979); *United States v. Bennett*, 539 F.2d 45 (10th Cir. 1976).[4]

2. The mere fact that a judge, while practicing law, litigated unrelated cases against a party is insufficient grounds for disqualification. *Cf. National Auto Brokers Corp. v. General Motors*, 572 F.2d 953 (2d Cir. 1978); *School District of Kansas City, Missouri v. State of Missouri*, 438 F.Supp. 830 (W.D.Mo.1977).[5]

**2.** The matter is raised by counsel for Celotex in his letter of September 26, 1980, which the court will treat as an affidavit. Inasmuch as the court has directed counsel to proceed informally, the court will consider that all procedural requirements have been met.

**3.** The motion is made pursuant to 28 U.S.C. §§ 144 and 455.

**3a.** This case was pending at that time.

**4.** 28 U.S.C. § 144 provides that a motion for disqualification must be filed "not less than 10 days before the beginning of the term at which the proceeding is to be heard..." However, terms of court are now obsolete in most places, and the courts are enforcing the more stringent standard stated in the text. A judge has an independent duty under § 455 to disqualify himself if appropriate. The court initially determined it was appropriate to remain in the case with the consent of counsel which all counsel gave on behalf of their respective clients. Celotex cannot now be heard to withdraw that consent, to the prejudice of other parties and efficient judicial administration.

**5.** By analogy, it is not sufficient to require disqualification of a judge that he tried a case as a judge which resulted unfavorably to the party now seeking disqualification. Comment: *Disqualification of Federal Judges: Statutory Right to Recusal and the 1974 Amendments to Title 28*, 31 S.W.L.J. 887, 893 (1977).

3. The defendant's letter, which the court is treating as an affidavit, was purely conclusory in nature. Defendant complains of no act on the part of the undersigned judge indicating any bias or prejudice towards it. Thus, this case may be distinguished from *Roberts v. Bailer*, 625 F.2d 125 (6th Cir. 1980). In *Roberts* the Court of Appeals for the Sixth Circuit emphasizes that it is an objective, reasonable person type standard that is now applied, rather than the subjective standard of the judge's opinion of his own impartiality. The test, the court held, is "what a reasonable person knowing all the relevant facts would think about the impartiality of the judge." 625 F.2d at 129. The court holds that recusal of the sitting judge is not called for under this standard herein, considering all the present circumstances. *See* Note, *Judicial Disqualification in the Federal Courts: Maintaining an Appearance of Justice under 28 U.S.C. § 455*, 1978 University of Illinois Law Forum 863.

4. The court notes that each of the other judges in this district are fully occupied with heavy dockets, and geographically are located a minimum of 100 miles from the situs of the Covington division. Therefore, finding a replacement judge would be difficult and impede efficient judicial administration.

5. Even if the motive for filing this motion was not delay, the fact is, if the motion is granted, it will have the effect of denying the opposing parties the reasonably prompt day in court to which they are entitled.

6. Although the court must be sensitive to any appearance of impropriety, it cannot permit disqualification motions to result in delay and oppression to the litigants even though such may not have been the motive of the movant. Prior to coming to the bench, the undersigned had practiced over a period of almost 20 years hundreds of cases for and against many individuals and most of the corporations and insurance companies that do business in this area. There was nothing at all unusual about the cases which the undersigned litigated against Celotex. If the court were to grant this motion, few trial dates on its docket would be secure.

For the above reasons, the undersigned judge does not believe that his impartiality might reasonably be questioned in this case. Therefore, the motion must be denied and the case assigned for trial by jury.

ORDER ACCORDINGLY.