Lester **ROBERTS**, et al., Plaintiffs,

v.

**ACE HARDWARE, INC.,** et al., Defendants.

Civ. A. No. 79–653.

United States District Court,
N. D. Ohio, W. D.

June 2, 1981.

**2.** Article 6, § 5 of the November 25, 1978, Agreement, Exhibit "A" to plaintiff's complaint.

Robert J. Affeldt, Sylvania, Ohio, for plaintiffs.

James F. Hendricks, Jr., Oak Brook, Ill., Theodore M. Rowen, Toledo, Ohio, for defendants.

## MEMORANDUM AND ORDER

DON J. YOUNG, District Judge.

In this action plaintiff's counsel has filed a motion asking the judge to recuse himself because of bias against plaintiffs' counsel. Plaintiffs' counsel, in an elaborate memorandum, has set forth a long list of rulings and actions by this Court which, he argues, are so completely erroneous that they could only be the result of personal bias against counsel.

The defendants have opposed the motion, basically on technical grounds applicable to motions under 28 U.S.C. § 144. However, the Sixth Circuit Court of Appeals, in *Roberts v. Bailar*, 625 F.2d 125, 128 (1980), says:

"Section 455(a) [28 U.S.C. § 455(a)] is a self-executing provision for the disqualification of federal judges. There is no particular procedure that a party must follow to obtain judicial disqualification under § 455(a). Instead, the section sets forth a mandatory guideline that federal judges must observe *sua sponte*." (Footnote omitted)

The Court of Appeals goes on to say:
"The standard is now objective. It asks what a reasonable person knowing all the relevant facts would think about the impartiality of the judge." (Footnote omitted)

625 F.2d at 129.

This judge has been a trial judge for just short of twenty-nine years, almost always sitting in small courts, not large metropolitan ones. Hearing and decision of lawsuits has become a very cold and impersonal matter, in which the only concern is to resolve the dispute by application of the rules of the law. "It takes two to make a quarrel." Consequently, in any trial the opposing counsel present and maintain conflicting views of both the facts and the law. Nor, even in the long run, does the law of averages prevail for counsel. If the rulings cited by plaintiffs' counsel in his brief as evidence of bias were examined in context, it would appear that they were all instances where the views of opposing counsel prevailed. Naturally, plaintiffs' counsel cites none of the many, and probably more numerous, instances when the rulings were in his favor.

It is not so easy as the Congress and the Court of Appeals seem to think it is to determine what "a reasonable person knowing all the relevant facts" would think about anything, much less about the impartiality of a judge. The matter is not really one of logic and reasonableness. This judge is in no way biased against plaintiffs' counsel. There is no reason why he should be. With a small bar and a small court, any active trial lawyer will appear frequently before the judge, and will receive a large number of rulings, both favorable and adverse. However, in this situation, it is human nature to remember only the adverse rulings. People generally hate to lose more than they like to win.

As this judge has said before, in these days when public relations are all-important, it sometimes appears that the image is of greater consequence than the reality. Whatever logic may dictate, a person who feels very strongly that he is the victim of judicial prejudice carries with him a very

poor image of the justice system with which he is perforce involved. Hence, a sensitive judge is inclined to feel that once a party to an action becomes convinced in his own mind that the judge is prejudiced against him, it makes no difference, as a practical matter, that he is mistaken in his conviction.

Before coming to this bench, where 28 U.S.C. § 455 governs, this judge almost invariably disqualified himself, rather than to try to convince the complaining party that he was not prejudiced. He looked very broadly upon the reasonableness of a party's questioning of his impartiality. Even though a disinterested person might not be reasonable in questioning the judge's impartiality, the test of what is reasonable for a very much interested person must necessarily be very much different. The question of reasonableness ought to be approached from the viewpoint of the party to the action, not of that famous fictitious character, the reasonable man. There is, in this sense, a conflict between emotion and logic. As Mr. Justice Holmes said "Not logic, but experience, is the lifeblood of the law." Emotion is a major component of experience, and should, therefore, not be disregarded.

This judge regrets that plaintiffs' counsel has let his emotions override his judgment, to the extent that he feels there is a bias against him which does not in fact exist. Here, however, we are not concerned with facts, but with feelings. The justice system would be impaired in its functioning if plaintiffs' counsel were forced to trial before a judge that he is convinced, however wrongly, is biased against him. This judge therefore recuses himself and will not proceed further herein. The case will be transferred to Chief Judge Battisti for reassignment to another judge.

THEREFORE, for the reasons stated, good cause therefor appearing, it is

ORDERED that this case should be and hereby is TRANSFERRED to Chief Judge Battisti for reassignment.

IT IS SO ORDERED.