**SECURITIES INVESTOR PROTECTION CORPORATION, Plaintiff,**

v.

**BELL & BECKWITH, Defendant.**

**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**BELL & BECKWITH, Defendant.**

**Patrick A. McGRAW, Trustee, Plaintiff,**

v.

**Edward P. WOLFRAM, Jr., et al., Defendants.**

**Patrick A. McGRAW, Trustee, Plaintiff,**

v.

**LUBITSKY, POST & CRON, etc., et al., Defendants.**

**Adv. Nos. 83–0132, 83–0184 and 83–0240.**

United States Bankruptcy Court, N.D. Ohio, W.D.

March 14, 1983.

David W. Wicklund, Toledo, Ohio, for John Thompson and George M. Todd.

Edward F. Zoltanski, Toledo, Ohio, for Roscoe R. Betz, Jr.

James F. Hofelich, Cleveland, Ohio, Philip R. Joelson, Toledo, Ohio, for J. Robert Jesionowski.

Frank J.P. McManus, Toledo, Ohio, for Edward P. Wolfram, Jr.

Thomas S. Zaremba, Stephen B. Mosier, Thomas L. Dalrymple, Fuller & Henry, Toledo, Ohio, for trustee.

Stephen Harbeck, Theodore H. Focht, Washington, D.C., for Securities Investor Protection Corp.

Joyce G. Lynch, SEC, Chicago, Ill., for SEC.

William M. Connelly, Connelly, Soutar & Jackson, Toledo, Ohio, for Edward P. Wolfram, Jr.

Patrick A. McGraw, Fuller & Henry, Toledo, Ohio, trustee.

Kelly D. Stimpson, Toledo, Ohio, for Thomas L. McGhee.

Charles V. Contrada, Holland, Ohio, for Donald C. Henninger.

Susan M. Pioch, Toledo, Ohio, for Robert R. Coon, Jr.

## ORDER OF RECUSAL

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This is a liquidation proceeding under the Securities Investor Protection Act of 1970 (SIPA), 15 U.S.C. § 78aaa et seq. This case was originally commenced in the United States District Court for the Northern District of Ohio. On February 10, 1983, on the application of the Securities Investor Protection Corporation (SIPC), the district court issued a protective decree pursuant to § 78eee(b)(1) of SIPA finding that the customers of Bell & Beckwith (Defendant) were in need of the protection afforded by SIPA. Pursuant to § 78eee(b)(3) of SIPA, Patrick A. McGraw was appointed Trustee for the liquidation of Defendant and pursuant to § 78eee(b)(4) of SIPA this case was removed to the United States Bankruptcy Court for the Northern District of Ohio and assigned to this Judge by the Clerk of this Court.

During the course of the assignment of this case the Court has, among other things, directed that the Trustee give notice of the commencement of these proceedings as provided in § 78fff–2(a)(1) of SIPA, set March 16, 1983 as the date for the hearing on the disinterestedness of the Trustee and his Counsel pursuant to § 78eee(b)(6)(B) of SIPA, and set March 16, 1983 for the first meeting of creditors pursuant to § 341 of the Bankruptcy Code made applicable in this proceeding by § 78fff(b) of SIPA. There have also been two related adversary proceedings commenced in this matter, case numbers 83–0184 and 83–0240, in the former of which the Trustee has sought various legal and equitable relief against the general partners of the Defendant, a limited partnership organized and existing under the laws of the state of Ohio, and in the latter of which the Trustee has sought myriad legal and equitable relief against certain alleged participants in a legal action initiated in the Common Pleas Court of

Lucas County, Ohio. Both of these related adversary proceedings are in the initial stages of litigation although the Court has approved certain stipulated entries in case number 83–0184 relating to the Trustee's motion for a preliminary injunction. Throughout the Court's participation in this matter, to this point, the Court has been unaware of any factual circumstances that would require that this Judge disqualify himself from further participation in these proceedings.

On March 11, 1983 the Trustee filed the present "Motion to Disqualify" citing his recent discovery that certain persons within the third degree of relationship, my nephew, Gary M. Krasniewski, and his spouse, Christine Krasniewski, are customers of the Defendant/Debtor. Although this fact had not previously been known either to the Trustee or the Court, the Trustee now urges that such circumstances require this Judge to disqualify himself from further participation in these proceedings pursuant to 28 U.S.C. § 455(b)(5)(iii). This Court concurs and, both pursuant to the above referenced statute and certain provisions of the Code of Judicial Conduct for United States Judges, recuses itself from further participation in this case and from all other related proceedings now pending or which may hereafter be filed.

28 U.S.C. § 455, in relevant part, reads as follows:

(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

. . . .

(5) [When] [h]e or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

. . . .

(iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding.

The Trustee brings this motion pursuant to Section (b)(5)(iii) of the above statute and,

although the Court feels that disqualification is also mandated by Section (a) of § 455, the former provision will be discussed first.

Section 455, with changes not herein relevant, tracks substantially the language of Canon 3 C of the Code of Judicial Conduct for United States Judges. It mandates disqualification under Section (b)(5)(iii) where a person within the third degree of relationship to a judge is known by the judge to "have an interest that could be substantially affected by the outcome of the proceeding".

The Trustee's motion points out his recent discovery that my nephew and his spouse both hold customer accounts with the Debtor, that they are within the required degree of relationship, and that, although a determination of the final effect of this proceeding upon any individual customer account cannot now be made, they hold interests that could be substantially affected by the outcome of the proceeding.

There is no doubt that these persons are within the third degree of relationship under § 455(b)(5). Section 455(d)(2) requires that the degree of relationship be calculated according to the civil law system which system includes nephews within the third degree. *See,* Wright, Miller & Cooper, *Federal Practice and Procedure:* Jurisdiction § 3548 at 368 n. 3.

The Court must also accept the Trustee's assertion that they hold an interest which could be substantially affected by the outcome of this proceeding. Under 28 U.S.C. § 455(d)(4) "financial interest" is defined as "ownership of a legal or equitable interest, however small . . . ." Thus, even if their interest is de minimus, the fact that these financial interests may be affected justifies recusal.

Finally, although the exact mechanism through which their interests may be affected is unclear, since the statute clearly requires disqualification if their interests "could" be affected, recusal is appropriate under § 455(b). In this regard, since the Trustee indicates that Gary and Christine

are customers of the Debtor, they could claim to be "customers" of the Debtor as that term is defined under § 78111(2) of SIPA. Since certain "customers" with valid claims under SIPA are assured of satisfaction of their claims, within certain limits, if the Court is called upon to resolve a dispute as to Gary and/or Christine's status, there is at least some potential that their interests could be affected. In sum then, recusal is required in this case under § 455(b)(5)(iii).

Notwithstanding the fact that recusal is mandated under 28 U.S.C. § 455(b), the Court feels constrained to also address the question of recusal under § 455(a). Based on Canon 2 of the Code of Judicial Conduct which states that "[a] judge should avoid impropriety and the appearance of impropriety in all his activities" § 455(a) provides that a "judge . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." This provision "makes a drastic change in practice in federal courts" from what existed under former § 455. 13 Wright, Miller & Cooper, *Federal Practice and Procedure:* Jurisdiction § 3549 at 369. As the United States Court of Appeals for the Sixth Circuit recently explained in *Roberts v. Bailar,* 625 F.2d 125, 128–129 (6th Cir.1980):

Prior to 1974, § 455 required disqualification of any judge who was so connected with a party that it was improper, "in his opinion," for him to preside at the trial. The test for disqualification under the former § 455 was subjective: disqualification was obligatory only when a judge, in examining his own conscience, found bias unavoidable. In close cases, moreover, the judge had a "duty to sit" in spite of his predilections.

To promote public confidence in the impartiality of the federal judicial system, the Congress in 1974 shifted the focus of § 455. "Any . . . judge," § 455(a) now provides, "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." No longer is a judge's introspective estimate of his own ability impartially to hear a case the determinate of disqualification under § 455. The standard now is objective. It asks what a reasonable person knowing all the relevant facts would think about the impartiality of the judge. "[I]f there is a reasonable factual basis for doubting the judge's impartiality," the congressional committee reports on the 1974 amendment to § 455 explain, the judge "should disqualify himself and let another judge preside over the case." Even where the question is close, the judge whose impartiality might reasonably be questioned must recuse himself from the trial. (footnotes omitted)

Thus, under the present § 455(a) standard, notwithstanding his firm conviction that he, in his own conscience, is impartial and could maintain his impartiality, faced with the facts recently brought to his attention by the Trustee that his nephew and nephew's spouse could potentially be affected by some controversy yet to arise in this proceeding, the Court concludes that his impartiality might reasonably be questioned under § 455(a), and therefore finds recusal appropriate under this provision in addition to those under § 455(b).

28 U.S.C. § 455(a) and Canon 2 of the Code of Judicial Conduct focus on the appearance of any impartiality or impropriety rather than the actual factual existence of any bias or prejudice. The Court is reluctant to recuse itself in this case not only because it feels a sense of duty to continue in this potentially difficult and controversial case but because of the burdens it is certain to impose on the judge it is eventually transferred to. Despite this reluctance, looking to what "the average person on the street" might think about this Judge's continuation on this case, *see, R.B. Potashnick v. Port City Construction Co.,* 609 F.2d 1101, 1111 (5th Cir. *cert. denied* 449 U.S. 820, 101 S.Ct. 78, 66 L.Ed.2d 22 (1980)), the Court concludes that public confidence in the impartiality and integrity of the judicial process would best be promoted by his removing himself from further participation in this proceeding.

For the foregoing reasons, it is hereby,

ORDERED that the Trustee's motion to disqualify be, and hereby is, granted with this Judge declining any further participation in this case or any related adversary proceeding now or hereafter filed. It is further,

ORDERED that this case and any related adversaries now on file be, and hereby are, referred to the Clerk of this Court for reassignment to the Honorable Richard L. Speer, United States Bankruptcy Judge.