770 F.2d 165
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CHRISTINE AMIDI, PLAINTIFF-APPELLEE,
v.
SURETY TITLE AGENCY, INC., ET AL., DEFENDANTS-APPELLANTS.
 NO. 84-3974
 United States Court of Appeals, Sixth Circuit.
 7/1/85
 
 N.D.Ohio
 REVERSED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO
 BEFORE: WELLFORD and MILBURN, Circuit Judges; and PHILLIPS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Surety Title Agency, Inc., appellant, requested recusal or disqualification of a United States District Judge for the Northern District of Ohio on the basis of information and representations set out by affidavits of a principal in the appellant corporation and several of its attorneys (with public media information attached). These affidavits set out that a Cleveland law firm has represented appellant continuously since its inception and that this firm was engaged to represent it in the controversy before the trial judge assigned to hear the underlying case. Because of unusual circumstances involving a dispute arising out of alleged personal relationships between the judge and the law firm representing the appellant, the motion to recuse or disqualify was filed. This motion was denied in a memorandum and order in ruling on appellant's contention that the court's 'impartiality might reasonably be challenged' for alleged bias and prejudice against appellant's attorneys.
 
 
 2
 We consider the basis in law for appellant's motion.
 
 
 3
 Title 28 U.S.C. Sec. 144 provides in pertinent part:
 
 
 4
 Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, since judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
 
 
 5
 Title 28 U.S.C. Sec. 455 provides in pertinent part:
 
 
 6
 (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be requestioned.
 
 
 7
 (b) He shall also disqualify himself in the following circumstances:
 
 
 8
 (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . ..
 
 
 9
 The judge acknowledged that 'Section 455 is broader than Sec. 144, consistent with congressional intent to make the statute conform to the Code of Judicial Conduct [Canon 3[1] and to eliminate the practice under which judges, when faced with difficult questions of recusal, decided in favor of a 'duty to sit."
 
 
 10
 Contrary to the findings of the district court, we find the affidavits sufficient legally to raise the 'difficult question' of recusal/disqualification in this instance.
 
 
 11
 We also disagree with the court below in its holding that Sec. 455(a) does not apply to a situation where the relationship between a judge and the attorney for a party may indicate such animosity, or such personal bias or prejudice, that disqualification is indicated. The relationship of concern is not confined, then, only to parties for disqualification to be appropriate. See Potashnick v. Port City Construction Co., 609 F.2d 1101 (5th Cir. 1980), cert. denied, 449 U.S. 820 (1981); United States v. Ritter, 540 F.2d 459 (10th Cir.), cert. denied, sub nom. Olson Farms, Inc. v. United States, 429 U.S. 951 (1976); Dyas v. Lockhart, 705 F.2d 993 (8th Cir.), cert. denied, 104 S.Ct. 424 (1983); Ransom v. S&S Food Center, Inc. of Florida, 700 F.2d 670, 672 (11th Cir. 1983). Compare In Re Corrugated Containers Antitrust Litigation, 614 F.2d 958, 968 (5th Cir. 1980) ('ordinarily a judge's bias, to be disqualifying, must run to a party rather than merely an attorney').
 
 
 12
 The district court reocognized the proper standard to be applied in this situation:
 
 
 13
 No longer is a judge's introspective estimate of his own ability impartially to hear a case the determinate of disqualification under Sec. 455. The standard now is objective. It asks what a reasonable person would think about the impartiality of the judge. '[I]f there is a reasonable basis for doubting the judge's impartiality,' the congressional committee reports on the 1974 amendment to Sec. 455 explain, the judge 'should disqualify himself and let another judge preside over the case.' Even where the question is close, the judge whose impartiality might reasonably be questioned must recuse himself from the trial.'
 
 
 14
 Roberts v. Bailar, 625 F.2d 125, 129 (6th Cir. 1980).
 
 
 15
 Under the circumstances, and in view of the factual situation set out in the affidavits of appellant and its counsel, we conclude that disqualification of the district judge is indicated applying the reasonable person standard. In the event of further applications for recusal of this judge by the law firm involved, we suggest referral of such application to another district judge for determination.
 
 
 16
 The order of the district court is accordingly REVERSED.
 
 
 
 [1]
 Canon 3 of the Code provides in pertinent part:
 C. Disqualification
 (1) A judge shall disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where:
 (a) He has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; . . ..