**E.L. FOWLER, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 87–35–VAL (WDO).**

United States District Court, M.D. Georgia, Valdosta Division.

Nov. 17, 1988.

L. Andrew Smith, Valdosta, Ga., for plaintiff.

Michael J. King, Dept. of Justice, Washington, D.C., for defendant.

## ORDER

OWENS, Chief Judge.

Plaintiff E.L. Fowler on July 6, 1987, commenced this civil action against the United States seeking a refund of $7,158.62 of income taxes illegally and erroneously collected through the seizure and sale of his properties. Since all civil and criminal cases in the Valdosta Division are and for years have been this judge's responsibility and since Mr. Fowler's attorney practices law in Valdosta and has represented Mr. Fowler in prior cases presided over by this judge, Mr. Fowler's attorney, when he filed this complaint, must have known that it would be assigned to this judge. If for some reason he did not, he certainly did when he received a copy of this judge's order of October 7, 1987.

By letter dated September 1, 1988—more than one year after this civil action commenced—Mr. Fowler's attorney wrote this judge:

As I am sure you are aware, I represent Mr. E.L. Fowler in this tax refund suit.

After my review of the prior case that Mr. Fowler brought against yourself and the other Fowler cases you have heard involving other defendants, I feel that it would be a breach of my duty as Mr. Fowler's attorney to not request his honor to recuse himself from this case. I hope that you will please consider recusal on your own initiative.

Please let me know of your decision. In response, Mr. Fowler's attorney was invited by letter dated September 7, 1988, to "file a motion in the required manner."

On October 4, 1988, Mr. Fowler's attorney filed a motion for disqualification and recusal pursuant to 28 U.S.C. §§ 144 and 455 supported by Mr. Fowler's affidavit, in which Mr. Fowler contends that he filed a lawsuit against this judge alleging that he conspired with others to deprive Mr. Fowler of his constitutional rights and sought damages from him personally. He further states that this judge, of his own initiative, has recused himself from other E.L. Fowler lawsuits. In addition, Mr. Fowler states that in his last lawsuit this judge demonstrated his personal bias and prejudice by serving his attorney with a Rule 11 show cause order and requiring Mr. Fowler and his lawyer to be present for a hearing. He says all of the above demonstrates that this judge has a personal bias and prejudice against him.

■ Title 28 U.S.C. § 144 provides:

**Bias or prejudice of judge**

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 455(a) states:

Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

Looking first at 28 U.S.C. § 144, note that it states "[w]henever a party ... makes and files a timely ... affidavit ..." and that it further states "[t]he affidavit ... shall be filed not less than ten days before the beginning of the term ... or good cause shall be shown for failure to file it within such time."

Neither Mr. Fowler nor his attorney have made an effort to show good cause for this motion being filed more than one year after it was commenced. Neither Mr. Fowler nor his attorney even discussed the question of timeliness, in spite of the fact that "both 28 U.S.C. §§ 144 and 455 require that a motion to disqualify be timely filed. *Delesdernier v. Porterie*, 666 F.2d 116, 121 (5th Cir.1982)...." *Chitimacha Tribe of Louisiana v. Harry L. Laws Co.*, 690 F.2d 1157, 1164 n. 3 (5th Cir.1982).

■ Attached are copies of criminal and civil case docket sheets in which Mr. Fowler has been a party, to wit:

(1) Criminal 78–4 Valdosta—*United States v. E.L. Fowler*, presided over by Judge J. Robert Elliott. Charge of five counts of willfully and knowingly failing to file income tax returns[1]. Convicted and sentenced to serve 3 years and pay $4,000 fine.

(2) Civil 81–20 Valdosta—*E.L. Fowler v. J. Robert Elliott and Richard Nettum* (Asst. U.S. Attorney in Cr. 78–4 Valdosta) alleging violation of civil rights. Assigned to Judge Owens and dismissed by his order.

---

**1.** Mr. Fowler has not filed a federal income tax return since 1956. August 31, 1988, Deposition at p. 8.

(3) Civil 82–9 Valdosta—*E.L. Fowler v. Wilbur D. Owens, Jr., J. Robert Elliott, and Richard Nettum* alleging civil rights violations. Assigned to Circuit Judge R. Lanier Anderson, III and by his order dismissed.

(4) Civil 82–28 Valdosta—*E.L. Fowler v. W.J. Forehand* (state judge) *and Rob Reinhardt* (a lawyer) seeking damages. Assigned to Judge Owens and by him dismissed.

(5) Civil 82–45 Valdosta—*E.L. Fowler v. W.J. Forehand, Rob Reinhardt and Wilbur D. Owens, Jr.* Allowed to proceed only as to defendants Forehand and Reinhardt. Assigned to Judge Owens and by him dismissed.

(6) Civil 82–78 Valdosta—*E.L. Fowler v. R. Lanier Anderson, III, Wilbur D. Owens, Jr., J. Robert Elliott and Richard Nettum* alleging civil rights violations. Assigned to Judge Anthony Alaimo and by him dismissed. Injunction issued.

(7) Civil 83–81 Valdosta—*E.L. Fowler v. Anthony Alaimo and Gregory J. Leonard* (clerk of this court) alleging civil rights violations. Assigned to Judge Owens. Dismissed by stipulation.

(8) Civil 83–112 Valdosta—*E.L. Fowler v. T.J. Casteel and W.C. Panter* (revenue agents) for civil rights violations. Assigned to Judge Owens. Voluntarily dismissed.

(9) Civil 83–120 Valdosta—*United States v. Elmer L. Fowler* for tax levy. Assigned to Judge Owens who signed order for entry to effect levy.

(10) Civil 85–37 Valdosta—*United States v. Elmer L. Fowler* for dispossession. Mr. Fowler was represented by Leamon Andrew Smith, his lawyer in this case.

(11) Civil 85–40 Valdosta—*United States v. Elmer L. Fowler* for dispossession.

Civil 85–37 Valdosta, 85–40 Valdosta, 85–29 Valdosta and 85–102 Macon were consolidated and dismissed by Judge Alaimo.

(12) Civil 86–16 Valdosta—*E.L. Fowler and Jessie Mae Fowler v. T.J. Casteel, indiv. and as IRS Agent; Jack Gregory, indiv. and Officer of Gregory Monument Company; Gregory Monument Company; and United States of America* seeking nine million dollars damages in connection with a tax matter. Mr. Fowler was represented by Leamon Andrew Smith, his present lawyer, and by Robert L. Cork. Assigned to Judge Owens who issued Rule 11 show cause. After hearing, plaintiffs moved to dismiss and their motion was granted.

(13) The subject lawsuit, Civil 87–35 Valdosta—*E.L. Fowler v. United States* seeking refund of income taxes collected by seizure and sale. Mr. Fowler is again represented by L. Andrew Smith.

Mr. Fowler's affidavit is conclusory in nature and as a source of conclusory bias and prejudice relies upon said prior litigation. In addition to the various criminal and civil actions brought against Mr. Fowler by the United States and presided over by this judge, the above-described litigation includes several attempts by Mr. Fowler to sue this judge for his official conduct in the actions brought by the United States.

Mr. Smith, having represented Mr. Fowler since 1985, and Mr. Fowler, having personally been involved in each civil action, were each aware of all that is contained in this motion for disqualification and recusal at the time this lawsuit commenced, and, if not, they were certainly aware of the information when this judge on October 7, 1987, issued an order in this case. A motion filed on October 4, 1988—one year later—under these circumstances could not possibly be the timely motion that is required by 28 U.S.C. § 144, a section which has been construed to require a litigant to raise the issue of disqualification of a judge "at the earliest moment after knowledge of the facts demonstrating the basis for such disqualification. *United States v. Patrick,* 542 F.2d 381 (7th Cir.1976), cert. denied, 430 U.S. 931, 97 S.Ct. 1551, 51 L.Ed.2d 775; *United States v. Gigax,* 605 F.2d 507 (10th Cir.1979); *United States v. Bennett,* 539 F.2d 45 (10th Cir.1976)." *Black v. American Mutual Insurance Co.,* 503 F.Supp. 172, 173 (D.C.Ky.1980).

Even if the motion for disqualification and recusal were timely, it is conclusory in

nature and void of facts showing the extrajudicial personal bias and prejudice that is disqualifying under 28 U.S.C. §§ 144 and 455.

As the Fifth Circuit Court of Appeals said in 1979 in *United States v. Serrano*, 607 F.2d 1145 at 1151:

> Once a party files a timely and sufficient affidavit that the trial judge is personally prejudiced against him, 28 U.S.C.A. §§ 144 demands the trial judge's recusal. While the trial judge may not pass upon the truthfulness of the affidavit's allegations, he must determine whether the facts set out in the affidavit are legally sufficient to require recusal. *Davis v. Board of School Commissioners*, 517 F.2d 1044, 1051 (5th Cir.1975), cert. denied, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976). The formula for legal sufficiency adopted by this Court requires defendant to show:
>
> 1. The facts are material and stated with particularity.
>
> 2. The facts are such that, if true, they would convince a reasonable person that a bias exists.
>
> 3. The facts show the bias is personal, as opposed to judicial, in nature.
>
> *Parrish v. Board of Commissioners of Alabama State Bar*, 524 F.2d 98, 100 (5th Cir.1975) (*en banc*), cert. denied, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976).
>
> \* \* \* \* \* \*
>
> To be disqualifying, the alleged bias of prejudice must stem from an extrajudicial source. *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966)....

The conclusory facts in Mr. Fowler's affidavit are not stated with particularity and, even if true, would not convince a reasonable person that bias exists. If true, Mr. Fowler's conclusory facts show nothing more than that Mr. Fowler has shown his displeasure with this judge's rulings by filing groundless lawsuits and that all he complains of stems from this judge's performance of his judicial duty to preside over Mr. Fowler's numerous lawsuits. Nothing alleged stems from an extrajudicial source. Further, the court notes that the instant action is in no way related to the actions previously described.

■ Mr. Fowler, in reality, suggests that a litigant unhappy with a trial judge's ruling in a prior case can force the judge to recuse himself from future cases by simply bringing a civil action against him. That he cannot is well illustrated by *United States v. Bray*, 546 F.2d 851, 858 (10th Cir.1976), to wit:

> Bray's affidavit of prejudice alleged, *inter alia*, that he had obtained 2000 signatures of persons desiring the removal of the judge; that he had written an article calling for the impeachment of the judge; that he had a prior case dismissed by the judge; that he had written a protest telegram against the judge; and that he had filed a brief with the court accusing the judge of bribery, conspiracy, and the obstruction of justice. Bray argues that these actions prejudiced the judge against him or that they "must have" so prejudiced the judge.
>
> Affidavits of disqualification must allege personal rather than judicial bias. *United States v. Thompson*, 483 F.2d 527 (3rd Cir.1973). They must contain more than mere conclusions. They must show facts indicating the existence of a judge's personal bias and prejudice. *Knoll v. Secony Mobile Oil Company*, 369 F.2d 425 (10th Cir.1966), cert. denied, 386 U.S. 977, 87 S.Ct. 1173, 18 L.Ed.2d 138 (1967); *Inland Freight Lines v. United States*, 202 F.2d 169 (10th Cir. 1953). Motions alleging bias and prejudice on the part of a judge which establish simply that the affiant does not like a particular judge are not adequate to require disqualification. *United States v. Goeltz*, 513 F.2d 193 (10th Cir.1975), cert. denied, 423 U.S. 830, 96 S.Ct. 51, 46 L.Ed.2d 48 (1975).
>
> We hold that Bray's affidavit in support of his motion to disqualify the judge was insufficient. The mere fact that a judge has previously expressed himself on a particular point of law is not sufficient to show personal bias or prejudice. *Antonello v. Wunsch*, 500 F.2d 1260

(10th Cir.1974). Nor are adverse rulings by a judge grounds for disqualification. *Martin v. United States*, 285 F.2d 150 (10th Cir.1960), cert. denied, 365 U.S. 853, 81 S.Ct. 818, 5 L.Ed.2d 816 (1961). Prior written attacks upon a judge are likewise legally insufficient to support a charge of bias or prejudice on the part of a judge toward an author. In *United States v. Garrison*, 340 F.Supp. 952 (E.D.La.1972), the Court observed:

Movant's second ground alleged to support the motion for recusal—his own press release denouncing the federal judiciary and this court's opinion the the *Shaw* case—is similarly inadequate. It is well settled that prior written attacks upon a judge are legally insufficient to support a charge of bias or prejudice on the part of the judge toward the author of such a statement. *In re Union Leader Corp.*, 292 F.2d 381, 389 (1st Cir.), cert. denied, 368 U.S. 927, 82 S.Ct. 361, 7 L.Ed.2d 190 (1961), noted in 8 Utah L.Rev. 75 (1962); *United States v. Fujimoto*, 101 F.Supp. 293, 296 (D.Hawaii 1951), motion for leave to file petition for writ of prohibition or mandamus denied, *Fujimoto v. Wiig*, 344 U.S. 852, 73 S.Ct. 102, 97 L.Ed. 662 (1952).

The reasoning behind these decisions is not difficult to ascertain. As one jurist in a similar case stated:

Only a psychic pleader could allege that because a defendant has published uncomplimentary statements concerning a judge, the latter will be unable to give his critic a fair and impartial trial. If such a fantastic procedure were permitted, a defendant could get rid of a judge by the simple expedient of publishing a scurrilous article, truthfully alleging that the article was published, and clinching the matter by asserting the bald conclusion that, since the article was uncomplimentary, the judge must of necessity be prejudiced against the publisher!

*United States v. Fujimoto, supra*, 101 F.Supp. at 296. The mere fact that a defendant has made derogatory remarks about a judge is insufficient to convince a sane and reasonable mind that the attacked judge is biased or prejudiced, the standard used to test the sufficiency of an affidavit for recusal under section 144. *Berger v. United States, supra*, 255 U.S. at 33–35, 41 S.Ct. at 233, 65 L.Ed. at 485; *United States v. Hoffa*, 245 F.Supp. 772, 778 (E.D.Tenn.1965). To allow prior derogatory remarks about a judge to cause the latter's compulsory recusal would enable any defendant to cause the recusal of any judge merely by making disparaging statements about him. Such a bizarre result clearly is not contemplated in section 144. 340 F.Supp., at 957.

We hold that Bray's affidavit was inadequate to establish prejudice and bias warranting recusal by the trial judge.

Likewise, this court holds that Mr. Fowler's affidavit is insufficient to establish prejudice and bias warranting recusal by this trial judge.

There being no other basis for recusal pursuant to 28 U.S.C. §§ 144 and 455 known to this judge, plaintiff Mr. Fowler's motion for disqualification and recusal is DENIED.

SO ORDERED.