985 F.2d 561
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Christopher CRAIN, Defendant-Appellant.
 No. 92-1046.
 United States Court of Appeals, Sixth Circuit.
 Jan. 26, 1993.
 
 Before BOGGS and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Christopher Crain pled guilty in federal court to conspiring to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1). In this habeas action, he alleges both that the trial judge should have recused himself and that his guilty plea was not voluntary because he did not realize that he might receive seventeen years' imprisonment. We affirm the district court's decision.
 
 
 2
 * On July 14, 1989, Christopher Crain and nine co-defendants were charged in an indictment with conspiracy to distribute cocaine. On May 7, 1990, just before voir dire began, Crain filed a motion asking Judge Gadola, the trial judge, to recuse himself. The motion was denied the same day. The following day, in a plea agreement, Crain pled guilty and agreed to a seventeen-year prison term. On October 30, 1990, Crain was sentenced to seventeen years' imprisonment and five years' supervised release. Crain did not file a direct appeal.
 
 
 3
 Crain now seeks habeas corpus relief under 28 U.S.C. § 2255, making two assignments of error. His petition was denied by Judge Gadola. We will address his arguments seriatim.
 
 II
 
 4
 * Crain contends that Judge Gadola should have recused himself when Crain first made his recusal motion on May 7, 1990, and then again when Judge Gadola considered the § 2255 petition. Crain says that he and Judge Gadola had a prior relationship, which would lead either to actual prejudice or to an appearance of prejudice.
 
 
 5
 Crain contends, and Judge Gadola acknowledges, that when Judge Gadola was in private practice he entered an appearance for Crain at an arraignment in a matter in which Crain was charged with the attempted murder of two brothers. One of those men would have been a prosecution witness against Crain had the instant case gone to trial. Crain was not prosecuted for the attempted murder, at least in part because he passed a polygraph examination.
 
 
 6
 According to 28 U.S.C. § 144, to be entitled to have a judge recuse himself, a party must: 1) file an affidavit that 2) states facts and reasons for the belief that bias or prejudice exists and 3) is filed not less than ten days before the beginning of the term at which the proceeding is to be heard (or good cause must be shown for failure to file the affidavit within that time) and 4) there must be a certificate from counsel to show that the affidavit is made in good faith. A second recusal section, 28 U.S.C. § 455(a), additionally provides that a judge "shall" disqualify himself in "any proceeding in which his impartiality might reasonably be questioned."
 
 
 7
 Crain's recusal request fails on several grounds. First, there is no evidence that he supplied the necessary affidavit. Though he insists that he supplied it, and Judge Gadola simply refused to read it, there is no support for that contention in the record.
 
 
 8
 Second, Crain did not articulate in his habeas petition any biased judgments or rulings that Judge Gadola made. He appears to base his claim of prejudice on the fact that Judge Gadola has twice ruled against his motion for recusal. That is insufficient.
 
 
 9
 Third, Crain's motion was not timely. It was filed on the same day voir dire was scheduled to start. Crain did not offer any justification for the late filing, saying merely that there was no proof that trial counsel was aware of the previous relationship between Crain and Judge Gadola until the motion was filed. That contention is simply not credible. The timing of the motion makes evident the fact that it was merely a delaying tactic.
 
 
 10
 Section 455, by contrast, is a self-executing recusal section. If a reasonable person, knowing all the relevant facts, would doubt the judge's impartiality, the judge is required to recuse himself. Roberts v. Bailar, 625 F.2d 125, 129 (6th Cir.1980). There is no danger of, or appearance of, partiality in this case. Judge Gadola represented Crain once in 1985. That representation consisted, in its entirety, of one appearance at an arraignment. The case against Crain was ultimately dismissed, and Judge Gadola did not represent Crain in any other matter. In fact, Judge Gadola did not even remember representing Crain. He thought that Crain was mistaken at first when Crain claimed Judge Gadola had represented him, and had to call his prior firm to confirm Crain's contention. At a hearing Judge Gadola held on the recusal, he stated that, so far as he was concerned, Crain was innocent of the earlier charge.
 
 
 11
 Furthermore, Crain entered a plea of guilty the day following the recusal motion. Because Crain pled guilty, Judge Gadola did not have to make any findings of fact. Thus, the basis of Crain's objection, that Judge Gadola should not preside at trial, was mooted because Crain opted not to have a trial. Crain did not object at sentencing nor did he suggest that Judge Gadola was in any manner prejudiced. Moreover, Judge Gadola did not depart from the plea agreement.
 
 B
 
 12
 Crain also contends that because he did not understand that he might receive seventeen years' imprisonment, his plea was not knowing and voluntary. We find his statements disingenuous, at best.
 
 
 13
 Judge Gadola was very clear in the Rule 11 sentencing colloquy. The plea agreement that Crain signed specified that the government would recommend a sentence of seventeen years. In the Rule 11 colloquy, the judge asked Crain if he understood that the government was seeking seventeen years and Crain responded "yes." Judge Gadola also told Crain that parole was abolished, then asked Crain if he understood that. Crain said "yes." Judge Gadola told Crain that the indictment alleged that more than 500 grams of crack cocaine were distributed in the conspiracy. Crain said that he understood.
 
 
 14
 Crain offers no reason why the record, which amply supports a finding that Crain's plea was knowing and voluntary, should be questioned.
 
 
 15
 Because the district judge made no error, either in failing to recuse himself or in accepting Crain's guilty plea, the judgment of the district court is AFFIRMED.