MERION CRICKET CLUB *v.* UNITED STATES.

No. 83. Argued December 12, 1941.—Decided January 12, 1942.

*Mr. John Lewis Evans* for petitioner.

*Mr. J. Louis Monarch,* with whom *Solicitor General Fahy* and *Messrs. Michael H. Cardozo, IV,* and *Richard S. Salant* were on the brief, for the United States.

MR. JUSTICE JACKSON delivered the opinion of the Court.

The question in this case—whether amounts paid by members of the Merion Cricket Club during the period from July 1, 1931, to June 30, 1935, for golf privileges, constituted payments as "dues or membership fees" subject to the tax imposed by § 501 of the Revenue Act of 1926, 44 Stat. 9, 92, as amended by § 413 of the Revenue Act of 1928, 45 Stat. 791, 864—does not differ in substance from that decided this day in *White* v. *Winchester Country Club, ante,* p. 32.

With certain exceptions, a member of the Merion Cricket Club could obtain annual golf privileges only by payment of a fee, which varied in amount according to his age and status. The fee was payable in two equal installments, one on the first of January, and the other on

the first of July. A member admitted to golf privileges after the latter date was entitled to remission of one-half of the annual fees, but if one stopped using the golf facilities during the year there was no proportionate refund. If a member elected to play golf he continued to be liable for the succeeding year unless he gave notice of withdrawal before the end of the year. Members who paid the annual golf fees were entitled to use the golf facilities as often as they desired without further charge, and could on occasion obtain golf privileges for their wives and guests.

After a claim for refund of the amounts alleged to have been paid as taxes on the annual golf fees had been duly filed and rejected, the Club on its own behalf and on behalf of its members sued the United States in the United States District Court for the Eastern District of Pennsylvania to recover them. The District Court entered a judgment for the United States which was affirmed on appeal to the Circuit Court of Appeals for the Third Circuit. 119 F. 2d 578. Certiorari was granted in this case and in *White* v. *Winchester Country Club, ante,* p. 32, because of an asserted conflict between the decisions below. 313 U. S. 555; 314 U. S. 589.

In this case, as in *White* v. *Winchester Country Club, supra,* we hold that amounts paid were paid as "dues or membership fees," since they were for rights to the repeated and general use of a common club facility for an appreciable period of time, and were not fixed by each occasion of actual use.

The decision below is therefore

*Affirmed.*

MR. JUSTICE ROBERTS took no part in the decision of this case.