## York Township v. Red Lion Country Club

*Raymond L. Hovis*, for plaintiff.

*George L. Eveler, Jr.*, for defendant.

BUCKINGHAM, J., January 14, 1965.—Pursuant to a case stated by stipulation filed by the parties with the prothonotary on August 18, 1964, it appears that plaintiff is attempting to levy its amusement tax against defendant under the following circumstances: Defendant is a country club in York Township with swimming, golfing and social facilities, including a clubhouse, available to members and their guests. In addition to the foregoing activities, the club holds six dances per year. These dances are open to members and guests. If a member and wife or companion wish to attend, they appear at the dance and pay an amount of money set in advance by the dance committee. This is

paid at the door as they enter. This is called a donation although a person is expected to pay the stated amount. Guests pay a higher amount. If a member does not attend, he does not pay anything. To December 31, 1963, plaintiff has collected no tax moneys from the members attending. Had it collected tax on these amounts of money, it would have collected $190.49.

Plaintiff's amusement tax ordinance contains the following exemption:

"Provided further: That the tax shall not be imposed on membership or membership dues, fees or assessments of charitable, religious, beneficial or non-profit organizations including but not limited to sportsmen's, recreational, golf and tennis clubs, girl and boy scout troops and councils."

This exemption is based upon the provisions of the Act of June 25, 1947, P. L. 1145, sec. 1, 53 PS §6851, as amended, which, after authorizing the tax, provides:

". . . such local authorities shall not have authority by virtue of this act . . . (7) to levy, assess or collect a tax on membership in or membership dues, fees or assessments of charitable, religious, beneficial or non-profit organizations, including but not limited to sportsmen's recreational, golf and tennis clubs, girl and boy scout troops and councils; . . . ."

Under the stipulation filed by the parties, we are asked to determine whether the above payments made by the members at the dances are taxable, and if so, to enter judgment by plaintiff in the above amount, with interest, and costs of suit.

Our decision must turn upon meaning of the terms "membership dues, and fees and assessments." There are no Pennsylvania cases defining these terms. However, the Supreme Court of the United States in White v. Winchester Country Club, 315 U. S. 32, 86 L. Ed. 619 (1941), covered the question of membership dues and fees. In that case, there were country club member-

ships with annual dues of $50 which included all privileges except golf. For another $35 or $50 per year, depending on how extensive a golf privilege a member wished, he could obtain the use of the golf course for one year. The question which the court decided was that these were taxable as "dues or membership fees." The court, on page 41, held that:

"So far as finances go, the fundamental notion of club activity is that operating expenses are shared without insistence upon equivalence between the proportion of an individual's contributions and the proportion of the benefits he receives. Thus, on the one hand, payment of the price of an individual dinner at the club dining room or of a single round of golf, lacks the element of making common cause inherent in the idea of the club activity. But, on the other hand, payment for the right to repeated and general use of a common club facility for an appreciable period of time has that element and amounts to 'dues or membership fees' if the payment is not fixed by each occasion of actual use."

The case of Merion Cricket Club v. United States of America, 315 U. S. 42, 86 L. Ed. 656 (1941), presented facts virtually the same as the White case and the Supreme Court stated, at page 43:

"In this case, as in White vs. Winchester Country Club, *supra*, we hold that amounts paid were paid as 'dues or membership fees', since they were for rights to the repeated and general use of a common club facility for an appreciable period of time, and were not fixed by each occasion of actual use."

In the case before us, it should be evident that an admission paid by the members at the door for a club dance does not fall within the above definition of club membership dues, or fees. Rather it is like the individual dinner or single round of golf referred to in White, supra.

With respect to the word "assessment," this has been defined as:

". . . a charge, levied on *each* member in the nature of a tax or some other burden for a special purpose, not having the character of being susceptible of anticipation as a regularly recurring obligation as in the case of 'periodic dues.'" National Labor Relations Board v. Food Fair Stores, Inc., 307 F. 2d 3, 11. :CCA 3, 1962. (Italics supplied).

It seems clear that under this definition, what is paid at the door of defendant's dance is not an assessment, for an assessment is a charge upon *all* members of a non-recurring nature for the purpose of, for example, expansion, payment of debt, or other unusual circumstances.

In light of the foregoing, we hold that defendant's members' dance activity, as hereinabove described, is not exempt and is taxable under plaintiff's amusement tax ordinance and accordingly, the following order is hereby entered:

And now, to wit, January 14, 1965, judgment is entered in favor of plaintiff and against defendant in the amount of $190.49, with interest, from December 31, 1963, together with costs of suit.

An exception is granted to defendant.