Garland **FIELDS,** Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 10684.

United States Court of Appeals Fourth Circuit.

Argued Dec. 5, 1966.

Decided Jan. 5, 1967.

Alexander L. Wilson, Arlington, Va. (Court-appointed counsel) for appellant.

Stefan C. Long, Asst. U. S. Atty. (C. V. Spratley, Jr., U. S. Atty., on the brief) for appellee.

Before HAYNSWORTH, Chief Judge, and BOREMAN and WINTER, Circuit Judges.

PER CURIAM:

Convicted, in a trial without a jury, of the offenses of selling narcotics not in pursuance of a written order on a form issued in blank for that purpose by the Secretary of the Treasury and selling narcotics not in the original stamped package, in violation of 26 U.S.C.A. §§ 4705(a) and 4704(a), and sentenced to consecutive terms of eight and two years, respectively, appellant appeals. He alleges as fatal to his conviction denial of a speedy trial, failure to sever, failure to grant a mistrial when a codefendant allegedly essential to appellant's defense refused to testify, and improper conduct on the part of the trial judge in examining witnesses and erroneously summarizing previous testimony of other witnesses. We find no merit in any contention, and we affirm.

The alleged denial of a speedy trial is predicated on the following facts: The offenses allegedly occurred May 19–20, 1965. A complaint was filed with the United States Commissioner on September 21, 1965 and appellant was arrested that day. At a hearing on September 30, 1965, probable cause was found and appellant was admitted to bail. Because a co-defendant was at large and the grand jury was not in session, an indictment was not returned until December 8, 1965. On December 16, 1965 and January 10, 1966, appellant appeared for arraignment without counsel. Counsel was then appointed by the Court and appellant pleaded not guilty on January 12, 1966, waived a jury trial and the date of April 11, 1966 was fixed for trial. The trial was held as scheduled.

True, eleven months elapsed between the date of the alleged offenses and the actual trial, of which eight months was between arrest and trial, but the record fails to disclose a single instance in which

appellant was prejudiced by any delay. At all times he was unrestrained, and his freedom to develop witnesses, testimony and matters of defense unhampered. The record reflects no request on his part that he be tried at any earlier date. We find no circumstances amounting to an unconstitutional deprivation of the right to a speedy trial. Pollard v. United States, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957); United States v. Hill, 310 F.2d 601 (4 Cir. 1962).

The alleged improper failure to grant a severance is grounded upon the fact that a codefendant, Corbin, elected to testify in his defense, while appellant did not. Prior to Corbin's testimony, the government's case consisted of the testimony of a narcotics agent who purportedly met appellant and his codefendants twice during the days in question and, for $300.00, purchased from them certain narcotics not in or from original stamped packages and not in pursuance of a written order on the form provided by the Secretary of the Treasury, and that of another agent, who testified only that the first agent and the several defendants were seen together at the times and at the places described by the first. Corbin's testimony corroborated the association of the agent and the defendants at the times and places previously testified to, but constituted a denial that Corbin was aware of the nature of the transaction or that the materials delivered to the agent, for which he paid $300.00, were various narcotics. Appellant's counsel at no time, before, during or after Corbin's testimony, requested a severance for his client.

 In a proper case the failure of appellant's counsel to request a severance would not foreclose our noticing and correcting plain error in the record. Rule 52(b) Fed.Rules Crim.P. But appellant's claim that he was entitled to a severance on the record in this case is a bald assertion that codefendants may not be tried jointly when one or more of them elects to testify in his own behalf. Corbin made no attempt to incriminate appellant, other than to confirm his presence when the alleged illegal action was formulated and carried out. Under these circumstances, we perceive no such rule as that for which appellant contends. We disagree with appellant's argument that he could not have been convicted on the testimony of the agent alone, because we are not aware of any rule which requires corroboration of the agent's testimony. Indeed, the district court's findings of fact with respect to appellant's guilt indicate that the court relied on the testimony of the agent, uncorroborated by that of Corbin; the district court, in finding Corbin also guilty, rejected the exculpatory aspects of his testimony.

There is no merit in the contention that appellant should have been granted a mistrial when the codefendant, Breeden, who changed his plea to one count of the indictment from not guilty to guilty four days before the trial, refused to testify. Breeden did in fact testify in regard to an aspect of appellant's defense, albeit, unfavorably. Breeden was called as a witness by counsel for Corbin for the limited purpose of identifying and explaining a letter, which he admitted he wrote, purportedly exculpating appellant and Corbin. Prior to his being called, and during the course of his limited examination, counsel for Corbin twice asked that Breeden be made a witness for the court, and counsel for appellant raised no objection if, indeed, some of his remarks might not be construed as joining in the request. During his limited examination, Breeden testified that he was unable to say that a statement in his letter that Corbin and appellant had nothing to do with the "actual sale" referred to the sale for which appellant was prosecuted. Later, when made a witness for the court, and asked to describe in his own words what took place on May 19–20, Breeden, although instructed by the court and his counsel to answer, refused to testify further. Again, before, during and after Breeden's testimony, appellant's counsel did not request a mistrial.

 Although we can notice plain error, we find none in the failure to grant

a mistrial. That a witness testifies unfavorably, or even that his testimony is different from that which is anticipated, does not indicate the necessity for such relief in the circumstances reflected by this record.

There was no improper conduct on the part of the trial judge in examining witnesses, and there were no errors of any consequence in his summarization of previous testimony of other witnesses. In regard to this contention, we have reviewed the record thoroughly.-- To the extent that the trial judge erroneously summarized previous testimony of other witnesses, he was, in most part, corrected by counsel, the witnesses themselves, or by his asking further questions. Nothing in the district judge's finding of facts in which he found appellant guilty discloses any misunderstanding of any essential fact. His exercise of his right to interrogate witnesses, in this non-jury case, was nothing more than an effort on his part to clarify his own understanding of the case and to elicit potentially material facts not inquired into by any of counsel. His calling Breeden as a court witness was in response to the twice repeated request of counsel for one of the codefendants, and in the face of the announced refusal of the prosecution to call him and the announced reluctance of counsel for any defendant to call him. The trial judge's admonitions to Breeden that he must testify and that he must tell the truth, under penalty of perjury if he did otherwise, appear to be no more than a conscientious effort to carry into effect the advice given by the court, and concurred in by Breeden's counsel, that Breeden could not claim self-incrimination in the area inquired into. In short, the conduct of the trial judge did not exceed the proper bounds of his function, as set forth by us in United States v. Godel, 361 F.2d 21 (4 Cir. 1966), and Simon v. United States, 123 F.2d 80 (4 Cir. 1941), cert. den. 314 U.S. 694, 62 S.Ct. 412, 86 L.Ed. 555 (1941).

The judgment of the lower court is Affirmed.