William Bradley LINDSEY, through his Guardian ad Litem Jeffrey Blake Lindsey, Plaintiff,

v.

CITY OF BEAUFORT; William R. Neill, Chief of Police; Captain Jefferson Dowling, Officer Brad Payne, and other unnamed police officers; David Taub, Mayor, Dr. Charles A. Bush, Edie Rogers, Donnie Beer, and Fred S. Washington, Jr., Members of the City Council; Dean Hunter, City Manager; all in their official capacities, Defendants.

John M. ASQUITH, Ricky L. Knowles, Billy D. Randall, Wayne H. Williamson, J. Blake Lindsey, Lindsey, Jeff Attlessey, John Doe, Mary Doe, and others similarly situated, Plaintiffs,

v.

CITY OF BEAUFORT; Colonel Jesse Altman, Jr., Chief of Police; Captain Jefferson Dowling, Sgt. Michael Lee, John Doe, and other unnamed police officers; David Taub, Mayor; Dr. Charles A. Bush, Edie Rogers, Donnie Beer, and

Fred Washington, Jr., Members of the City Council; Dean Hunter, City Manager; all in their official capacities; and Colonel Jesse Altman, Jr., William Rhett, Nancy Rhett, Roger Karr, and Neil B. Lipsitz, in their individual capacities, Defendants.

CALVARY BAPTIST CHURCH, on behalf of its members, and George Daughety and Richard Simpson, Plaintiffs,

v.

CITY OF BEAUFORT; David Taub, Mayor, Dr. Charles A. "Tony" Bush, Edie Rogers, Donnie Beer, and Fred Washington, Jr., Members of the City Council; Dean Hunter, City Manager; and Colonel Jesse Altman, Jr., Chief of Police, all in their official capacities, Defendants.

Civ. A. Nos. 3:93–1145–0, 3:92–1531–0, 3:92–1656–0.

United States District Court, D. South Carolina, Columbia Division.

Sept. 29, 1995.

**964**

Orin Gail Briggs, Irmo, SC, Bruce W. Green, AFA, Law Center, USC, Tupelo, MS, Patrick L. Quentel, Charleston, SC, Patrick J. Flynn, Columbia, SC, for plaintiffs.

William B. Harvey, III, George Hamlin O'Kelley, Jr., Beaufort, SC, Samuel Richard Clawson, Charleston, SC, James Warner Alford, Columbia, SC, for defendants.

### OPINION AND ORDER ON DEFENDANTS' MOTION TO RECUSE

PERRY, District Judge.

In these cases, the plaintiffs challenge as unconstitutionally vague and overbroad, an ordinance of the City of Beaufort, South Carolina that prohibits individuals from willfully disturbing any neighborhood or business by making or continuing "loud and unseemly noises...."

1. The affidavit is set forth at note 5 *infra*.

2. This motion was filed June 21, 1993 following hearings on the motion for a temporary restraining order in Civil Action No. 3:93–1145–0 (*Lindsey v. City of Beaufort, et al.*) and further arguments on the plaintiffs motions for a preliminary injunction in the previously filed cases, Civil Action No. 3:92–1531–0 (*Asquith*) and Civil Action No. 3:92–1656–0 (*Calvary Baptist Church*). The

The defendants now argue that this United States District Judge is not impartial and they move to disqualify me pursuant to 28 U.S.C. §§ 144 and 455 from presiding over further proceedings in these cases. The defendants also filed the affidavit of Police Sergeant Brad Payne, a party defendant in the most recently filed case, Civil Action No. 3:93–1145–0 (*Lindsey v. City of Beaufort, et al.*), stating several reasons why, in his view, I cannot make a "neutral and detached" decision in these cases.[1] Since decision of the motion to recuse will impact directly on my jurisdiction to decide the issues in these cases, it is here addressed as a threshold issue.[2]

### I.

Two statutes govern the recusal of United States District Judges, 28 U.S.C. §§ 144 and 455.

28 U.S.C. § 144 provides that:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceedings.

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

The factual allegations of an affidavit filed pursuant to section 144, if timely filed

Court denied the motion on June 22, 1993 in a brief order which stated *inter alia* that ... "disqualification is not warranted" and indicated that "a separate opinion setting forth the rationale for this decision will be filed." The ensuing discussion in the text hereof will now explain the rationale of the decision denying the motion to recuse.

and legally sufficient, must be taken as true for purposes of recusal. The judge may determine the legal sufficiency of the affidavit but may not adjudge the truth or falsity of the matters alleged. The Supreme Court has observed that:

[T]he section (28 U.S.C. § 144) withdraws from the presiding judge a decision upon the truth of the matters alleged ... [a]nd the reason is easy to define. To commit to the judge a decision upon the truth of the facts gives chance for the evil against which the section is directed.

*Berger v. United States,* 255 U.S. 22, 36, 41 S.Ct. 230, 234, 65 L.Ed. 481 (1921). *See also, Liteky, et al v. United States,* 510 U.S. ——, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1964).

■ Before an affidavit will effectively disqualify a judge, it must strictly comply with the requirements contained in Section 144. *Berger v. United States,* 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921); *Brotherhood of Loc. Fire & Eng. v. Bangor & Aroostook R.R.,* 380 F.2d 570, 576 (D.C.Cir.1967), *cert. denied,* 389 U.S. 327, 88 S.Ct. 437, 19 L.Ed.2d 560 (1967); *Marquette Cement Mfg. Co. v. FTC,* 147 F.2d 589 (7th Cir.1945); *Scott v. Beams,* 122 F.2d 777, 788 (10th Cir. 1941), *cert. denied,* 315 U.S. 809, 62 S.Ct. 794, 795, 799, 86 L.Ed. 1208, 1209 (1942); *Commonwealth of Pa. v. Local Union 542, Int'l Union of Operating Engineers,* 388 F.Supp. 155 (E.D.Pa.1974); *Blank v. Sullivan & Cromwell,* 418 F.Supp. 1 (S.D.N.Y.1975); *Paschall v. Mayone,* 454 F.Supp. 1289 (S.D.N.Y.1978); *Duplan Corp. v. Deering Milliken, Inc.,* 400 F.Supp. 497 (D.S.C.1975). Thus, to be legally sufficient, the person who makes and files the affidavit must be a "Party" to the proceeding. *Davis v. Board of Sch. Comm'rs,* 517 F.2d 1044 (5th Cir.1975), *cert. denied,* 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976); *Pomeroy v. Merritt Plaza Nursing Home, Inc.,* 760 F.2d 654 (5th Cir.1985); *Roberts v. Bailar,* 625 F.2d 125 (6th Cir.1980); *Paschall v. Mayone,* 454 F.Supp. 1289 (S.D.N.Y.1978); *Bumpus v. Uniroyal Tire Co., Division of Uniroyal, Inc.,* 385 F.Supp. 711 (E.D.Pa.1974). Moreover, the affidavit must give "fair support to the charge of a bent mind that may prevent or impede impartiality of judgment." *Berger*

*v. United States,* 255 U.S. 22, 33–34, 41 S.Ct. 230, 233, 65 L.Ed. 481 (1921). *See also In re International Business Machines Corp.,* 618 F.2d 923 (2nd Cir.1980); *Wolfson v. Palmieri,* 396 F.2d 121 (2nd Cir.1968); *Rosen v. Sugarman,* 357 F.2d 794 (2nd Cir.1966); *Tucker v. Kerner,* 186 F.2d 79 (7th Cir.1950); *Duplan Corp. v. Deering Milliken, Inc.,* 400 F.Supp. 497 (D.S.C.1975). To be legally sufficient, the affidavit must (1) be filed by a party to the proceeding, and (2) state such facts and reasons sufficient to convince a reasonable person that a bias or prejudice exists. *See Parrish v. Board of Comm'rs,* 524 F.2d 98 (5th Cir.1975), *cert. denied,* 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976). Similar statements concerning the requirements for legal sufficiency have been advanced by other courts. *See Wolfson v. Palmieri,* 396 F.2d 121 (2nd Cir.1968); *Rosen v. Sugarman,* 357 F.2d 794 (2nd Cir. 1966); *Tucker v. Kerner,* 186 F.2d 79 (7th Cir.1950); *Foster v. Medina,* 170 F.2d 632 (2nd Cir.1948), *cert. denied,* 335 U.S. 909, 69 S.Ct. 412, 93 L.Ed. 442 (1949); *Craven v. United States,* 22 F.2d 605 (1st Cir.1927), *cert. denied,* 276 U.S. 627, 48 S.Ct. 321, 72 L.Ed. 739 (1928); *Duplan Corp. v. Deering Milliken, Inc.,* 400 F.Supp. 497, 507 (D.S.C. 1975). An affidavit based upon the cumulative effect of a series of allegedly disqualifying acts may be legally sufficient if one or more of the acts averred therein are legally sufficient. But, "it is axiomatic that a whole can be no greater than its component parts." *Duplan Corp. v. Deering Milliken, Inc.,* 400 F.Supp. 497, 507 (D.S.C.1975) (*citing United States v. Valenti,* 120 F.Supp. 80, 88 (D.N.J. 1954)). Thus, each alleged category of bias and prejudice stated in the affidavit must be examined for its independent legal sufficiency. A series of allegations, if legally insufficient in themselves, are not rendered legally sufficient by grouping them together in the one affidavit. *Id.*

■ The certificate of counsel is an indispensable part of the affidavit; and the statutory language requiring that the affidavit be accompanied by " 'a certificate of counsel of record stating that it is made in good faith' is subject to strict construction." *Duplan Corp. v. Deering Milliken, Inc.,* 400 F.Supp.

497, 507–08 (D.S.C.1975). Thus, the affidavit must "be accompanied by a certificate of counsel of record stating that it is made in good faith" and contain the assertion that counsel believes the facts alleged to be accurate and correct. 28 U.S.C. § 144. While at the same time vigorously representing the interests of his or her clients, the attorney of record has a duty, as an officer of the court, "to aid in the administration of justice, [and] to uphold the dignity of the court and respect its authority." *Morrison v. United States*, 432 F.2d 1227, 1229 (5th Cir.1970), *cert. denied*, 401 U.S. 945, 91 S.Ct. 959, 28 L.Ed.2d 227 (1971) (*citing, United States v. Onan*, 190 F.2d 1, 6–7 (8th Cir.1951), *cert. denied*, 342 U.S. 869, 72 S.Ct. 112, 96 L.Ed. 654 (1951)). The requirement of a good faith certificate rests on the assumption that "counsel will not execute a certificate in reckless disregard of the truth." *Id.* (*citing Mitchell v. United States*, 126 F.2d 550, 552 (10th Cir.1942), *cert. denied*, 316 U.S. 702, 62 S.Ct. 1307, 86 L.Ed. 1771 (1942)). "It protects against an obviously untruthful affidavit, or an unjustified attempt by a party to disqualify a judge." *Id.* Thus, a disqualification affidavit unaccompanied by a certificate of good faith, signed by counsel of record admitted to practice before the court, is not legally sufficient and it will not support a § 144 motion to recuse. *United States v. State of Alabama*, 571 F.Supp. 958 (N.D.Ala.1983), *opin. suppl. by* 574 F.Supp. 762 (N.D.Ala.1983), *aff'd*, 762 F.2d 1021 (11th Cir.1985); *Duplan Corp. v. Deering Milliken, Inc.*, 400 F.Supp. 497 (D.S.C.1975); *In re Union Leader Corp.*, 292 F.2d 381 (1st Cir.1961), *cert. denied*, 368 U.S. 927, 82 S.Ct. 361, 7 L.Ed.2d 190 (1961); *United States v. Hanrahan*, 248 F.Supp. 471 (D.D.C.1965).

■ It may not be gainsaid that timeliness is essential to any motion to recuse. *Duffield v. Charleston Area Medical Center, Inc.*, 503 F.2d 512, 516 (4th Cir.1974); *Chafin v. United States*, 5 F.2d 592 (4th Cir.1925), *cert. denied*, 269 U.S. 552, 46 S.Ct. 18, 70 L.Ed. 407 (1925). To be timely, a recusal motion must be made at counsel's first op-

portunity after discovery of the disqualifying facts. Two of these cases, Civil Action No. 3:92–1531, (*Asquith, et al*) and Civil Action No. 3:92–1656 (*Calvary Baptist Church, et al.*), were pending nearly one year before the instant motion was filed. The defendants cannot state that the matters stated in Sergeant Payne's affidavit (other than this judge's interrogation of Sergeant Payne) were asserted at counsel's first opportunity after discovery of the allegedly disqualifying facts. Additionally, Sergeant Payne is not a party in No. 92–1531 (*Asquith*) or 92–1656 (*Calvary Baptist Church*). The third case, Civil Action No. 3–93–1145, (*Lindsey*), was filed April 30, 1993. The allegedly disqualifying conduct of this judge, including the examination of Sergeant Payne and rulings on the defense counsel's objections, occurred during the June 16, 1993 hearing on the plaintiff's motion for a preliminary injunction. The defendants' counsel announced his intention to file this motion later on the same day during the hearings on pending motions in Nos. 92–1531 (*Asquith, et al.*) and 92–1656 (*Calvary Baptist Church, et al.*) which commenced at 2:30 PM on June 16, 1993.[3] The motion, however, is filed in all the cases. While there is substantial doubt that the motion is timely in the first two cases (*Asquith* and *Calvary Baptist Church*), the Court acknowledges the timeliness of the motion in the third case (*Lindsey*).

28 U.S.C. § 455(a) provides that:

(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law service during such association as a lawyer concerning the matter,

---

**3.** The defendants' attorney prefaced his remarks with the statement that he and his clients, during the course of the proceedings, had come to feel

that the Court was inclined to rule against the defendants.

or the judge or such lawyer has been a material witness concerning it;

(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, of any other interest that could be substantially affected by the outcome of the proceeding;

(5) He or his spouse, or a person within the third degree of relationship to either of them or the spouse of such a person:

(i) is a party to the proceeding or an officer, director, or trustee of a party;

(ii) is acting as a lawyer in the proceeding;

(iii) is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

(iv) is to the judges' knowledge likely to be a material witness in the proceeding.

. . . .

■ Section 455 does not establish a formal procedure by which the disqualification of a judge shall be initiated. However, like Section 144, disqualification of a judge under § 455 may be asserted by motion. *Southern Pac. Communications Co. v. AT & T Co.*, 740 F.2d 980 (D.C.Cir.1984), *cert. denied,* 470 U.S. 1005, 105 S.Ct. 1359, 84 L.Ed.2d 380 (1985). Substantially, the two statutes, §§ 144 and 455 are similar.[4] *Phillips v. Joint Comm., etc.*, 637 F.2d 1014 (5th Cir. 1981), *cert. denied,* 456 U.S. 960, 102 S.Ct. 2035, 72 L.Ed.2d 483 (1982).

■ The requirement of recusal of the trial judge under principles enunciated in 28 U.S.C. §§ 144 and 455 recognizes that "[d]emocracy must, indeed, fail unless our courts try cases fairly, and there can be no fair trial before a judge lacking in impartiality. . . ." *In re J.P. Linahan,* 138 F.2d 650, 651 (2d. Cir.1943); *Duplan Corp. v. Deering Milliken, Inc.,* 400 F.Supp. 497 (D.S.C.1975). Indeed, the existence of a fair and impartial tribunal is the basic guardian of all cherished notions of due process embodied in the Constitution of the United States. *In re Murchison,* 349 U.S. 133, 75 S.Ct. 623, 99 L.Ed. 942 (1955). Therefore, where a legally sufficient affidavit is timely filed, the trial judge is required to step aside.

■ The alleged bias must be "personal" as distinguished from judicial in nature. *Davis v. Board of Sch. Comm'rs.,* 517 F.2d 1044 (5th Cir.1975), cert. denied, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976). The bias "must stem from an extra judicial source and result in an opinion on the merits on some basis other than what the judge learned from participation in the case." *Id.* The motion to recuse may not be predicated on the judge's rulings in the instant case or

4. To the extent that there is a difference, section 455 imposes the stricter standard: a movant under section 144 must allege facts to convince a reasonable person that *bias exists, Parrish,* 524 F.2d at 100, while under the broader language of section 455, he must show only that a reasonable person "would harbor doubts about the judge's impartiality." *Potashnick v. Port City Constr. Co.,* 5 Cir.1980, 609 F.2d 1101, 1111 (emphasis added), *cert. denied,* 449 U.S. 820, 101 S.Ct. 78, 66 L.Ed.2d 22 (1980). *See Comment, Disqualification of Federal Judges for Bias or Prejudice,* 46 U.Chi.L.Rev. 236, 243–50 (1978). *See also Note, Disqualification of Judges and Justices in the Federal Courts,* 86 Harv.L.Rev. 736, 745–50 (1973).

... [S]ection 455, unlike section 144, does not require the judge to accept all allegations by a moving party as true. Indeed, the section requires no motion at all; the judge must disqualify himself if the facts cast doubt on his impartiality regardless of how or by whom the are drawn to his attention. *See Fredonia Broadcasting Corp. v. RCA Corp.,* 5 Cir.1978, 569 F.2d 251, 254–57, *cert. denied,* 439 U.S. 859, 99 S.Ct. 177, 58 L.Ed.2d 167 (1979). Section 144, by contrast, requires allegation by affidavit within a stringent time limit and allows a party only one such affidavit in any case....

*Phillips v. Joint Legis. Comm., etc.,* 637 F.2d 1014, 1019–20, n. 6 (5th Cir.1981), *cert. denied* 456 U.S. 960, 102 S.Ct. 2035, 72 L.Ed.2d 483 (1982).

in related cases, nor on a demonstrated tendency to rule any particular way, nor on a particular judicial leaning or attitude derived from his or her experience on the bench. *United States v. Grinnell Corp.*, 384 U.S. 563, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966); *Berger v. United States*, 255 U.S. 22, 31, 41 S.Ct. 230, 232, 65 L.Ed. 481 (1921). In *Liteky v. United States*, 510 U.S. ——, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994), a defendant moved to disqualify the District Judge pursuant to 28 U.S.C. § 455(a) based on events that occurred during and after an earlier trial involving one of the defendants in which the same judge allegedly displayed "impatience, disregard for the defense and animosity" towards the defendants because of their beliefs. The Judge limited defense counsel's cross-examination; questioned witnesses; cautioned defense counsel to confine his questions to issues material at trial; and he admonished witnesses to keep their answers responsive to the question; that the closing argument was not a time for "making a speech" in a "political forum." In an opinion rejecting the defendants' argument that the trial judge should have granted the motion to recuse, the Court stated that:

> The judge who presides at a trial may, upon completion of the evidence, be exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person. But the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings, and are indeed sometimes (as in a bench trial) necessary to completion of the judge's task. As Judge Jerome Frank pithily put it: Impartiality is not gullibility. Disinterestedness does not mean child-like innocence. If the judge did not form judgments of the actors in those court-house dramas called trials, he could never "render decisions." (Citation omitted). Also not subject to deprecatory characterization as "bias" or "prejudice" are opinions held by judges as a result of what they learned in earlier proceedings....

*Id.,* 510 U.S. at ——, 114 S.Ct. at 1155, 127 L.Ed.2d at 488.

Bias cannot be defined as the total absence of preconceptions. It must be recognized that all individuals, including trial judges, have some preconceptions:

> Interests, points of view, preferences, are the essence of living. Only death yields complete dispassionateness, for such dispassionateness signifies utter indifference.... An "open mind," in the sense of a mind containing no preconceptions whatever, would be a mind incapable of learning anything....

*In re J.P. Linahan* 138 F.2d 650, 651–52 (2d Cir.1943).

## II.

The affiant Sergeant Brad Davis is a named defendant in Civil Action No. 3:93–1145 (*Lindsey v. City of Beaufort, et al.*) only. As he is not a named party in Civil Action No. 3:92–1531 (*Asquith, et al. v. City of Beaufort, et al.*) or 3:92–1656 (*Calvary Baptist Church, et al. v. City of Beaufort, et al.*), his affidavit is not legally sufficient to require the recusal of this judge in those cases. *Davis v. Board of Sch. Comm'rs,* 517 F.2d 1044 (5th Cir.1975), *cert. denied,* 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976); *Roberts v. Bailar,* 625 F.2d 125 (6th Cir.1980); *Paschall v. Mayone,* 454 F.Supp. 1289 (S.D.N.Y.1978); *Bumpus v. Uniroyal,* 385 F.Supp. 711 (E.D.Pa.1974).

However, as this Court must consider the legal sufficiency of the affidavit in its determination of the question whether recusal is required under either section 144 or 455 in Number 93–1145 (*Lindsey* ), its contents will also be considered in the Courts' determination of the question whether recusal is required under section 455 in Numbers 92–1531 (*Asquith*) and 92–1656 (*Calvary Baptist Church* ).

■■■ The significance of the foregoing observation is obvious. For purposes of its determination whether the affidavit is legally sufficient to require recusal under 28 U.S.C. § 144, its factual assertions must be taken as true. *Berger v. United States,* 255 U.S. 22, 36, 41 S.Ct. 230, 234, 65 L.Ed. 481 (1921). For purposes of its determination whether the facts alleged therein establish that a judge's impartiality "might reasonably be questioned" under 28 U.S.C. § 455, the affi-

davit carries no such presumption of truth and the factual allegations may be examined and, if appropriate, rejected. *Fredonia Broadcasting Corp. v. RCA Corp.*, 569 F.2d 251 (5th Cir.1978), *cert. denied*, 439 U.S. 859, 99 S.Ct. 177, 58 L.Ed.2d 167 (1979); *Phillips v. Joint Legis. Comm., etc.*, 637 F.2d 1014 (5th Cir.1981). The allegations contained in the affidavit will now be considered.[5]

## III.

### A.

■ First, it is alleged that this judge's interrogation of the affiant following the di-

rect and cross-examination respectively by the parties' attorneys "revealed a substantial bias on the judge's part in favor of the plaintiffs" and that the "substance and tenor of the judge's questions . . . indicated that [this judge] ha[d] a preconceived opinion regarding the outcome even before the hearing had begun."[6] The affidavit also alleges (falsely) that when the defendants' attorney requested this judge to permit the affiant to complete his answers, this judge "summarily directed [the defendants' attorney] to 'sit down'" and that, in the affiant's view, "any reasonable

---

5. The full text of the affidavit is as follows:

AFFIDAVIT OF SERGEANT BRAD PAYNE IN SUPPORT OF DEFENDANTS' MOTION FOR RECUSAL

1. I am a named Defendant in the above-captioned proceeding. I am currently employed as a police officer by the City of Beaufort, which is also a named Defendant in this case. I have also been involved, either directly or indirectly, in the "street preacher" incidents at issue in these actions.

2. I attended an evidentiary hearing in this case before Judge Matthew Perry, which took, place on Wednesday, June 16, 1993.

3. I was called to testify by Defendants' counsel, William B. Harvey, III, concerning the events that gave rise to the Plaintiffs' complaint. Mr. Harvey's direct examination lasted approximately ten minutes. Cross examination by Plaintiffs' counsel lasted less than ten minutes.

4. Following counsels' direct and cross examination, Judge Perry questioned me for twenty to thirty minutes regarding my participation in the events described in Plaintiffs' complaint.

5. Over the repeated objections of counsel, Judge Perry persisted in questioning me in an extremely adversarial and oppressive manner. Judge Perry consistently and aggressively interrupted me when I attempted to answer his question. When Mr. Harvey requested that Judge Perry permit me to complete my answers, Judge Perry summarily directed Mr. Harvey to "sit down."

6. In my view, any reasonable person witnessing this event would agree that Judge Perry's behavior revealed a substantial bias on the Judge's part in favor of the Plaintiffs in this case. The substance and tenor of the Judge's questions to me indicated that Judge Perry has a preconceived opinion regarding the outcome even before the hearing had begun.

7. It is my understanding that, when Judge Perry was a practicing attorney in the 1960s, he represented black student activists in a similar civil rights case involving loud religious speech,

which was ultimately heard by the U.S. Supreme Court.

8. It appears that Judge Perry's peculiar interest in and bias toward Plaintiffs in this case may stem from his participation in this and other civil rights cases.

9. In fact, I understand that Judge Perry declined to abstain from hearing this case even though a criminal case involving the same parties was currently proceeding through the South Carolina state court system. Judge Perry also declined to transfer the case to District Court in Charleston, although at that time United States District Judge David Norton was presiding over a case filed by several street preachers raising identical issues to those raised in these cases. In the Charleston proceeding, Judge Norton abstained from hearing Plaintiffs' federal court action until the state court criminal appeal was completed. Judge Perry's ruling on the abstention issue and on the transfer request further demonstrates his keen interest in reaching the merits of this case in order to rule for the Plaintiffs.

10. Finally, Judge Perry ruled in favor of Jeffrey Blake Lindsey and Bill Dean Randall, two of the present Plaintiffs, in a prior action involving street preachers arising in the Town of Swansea, South Carolina, which was decided in 1984.

11. Taken together, these various facts and circumstances regarding Judge Perry's involvement in these cases strongly suggest that we the Defendants cannot be assured of Judge Perry's neutral and detached adjudication of the Plaintiffs' claims and allegations. Indeed, Judge Perry's questioning of me while I was on the witness stand completely destroyed any appearance of the Judge's impartiality.

By: Signed
Sergeant Brad Payne
SWORN to before me this
18th day of June, 1993
Signed by
NOTARY PUBLIC FOR SOUTH CAROLINA
My Commission Expires: 3–1–2000

6. See note 5 at ¶ 6.

person witnessing this event would agree that [this judge's] behavior revealed a substantial bias ... in favor of the Plaintiffs...." [7].

The assertion that this judge directed the defendants' attorney to "sit down" is simply *not true*. The transcript of the June 16, 1993 hearing contains no such remark by me.[8] If the defendants and their counsel had reviewed the transcript before asserting the statement in Sergeant Payne's affidavit, they would have known that it is unsupported by the record. Moreover, while I did indeed ask questions of Sergeant Payne, the record contains no support for the assertion (stated in the affidavit) that I "persisted in questioning [him] in an extremely adversarial and oppressive manner." [9]

The examination of Sergeant Payne was being conducted by the attorneys for the parties and by this judge in the absence of a jury during a hearing on the plaintiffs' motion for a preliminary injunction in Number 93–1145 (*Lindsey v. City of Beaufort, et al.*). This judge had the duty to ascertain the facts relevant to the controversy and no improper act on my part occurred.

It is well established that in trial proceedings in a United States District Court, the judge is the "governor" of the trial. *Liteky v. United States*, 510 U.S. ——, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994); *United States v. Chase*, 372 F.2d 453 (4th Cir.1967), *cert.*

*denied*, 387 U.S. 907, 87 S.Ct. 1688, 18 L.Ed.2d 626 (1967); *Fields v. United States*, 370 F.2d 836 (4th Cir.1967); *United States v. Godel*, 361 F.2d 21 (4th Cir.1966), *cert. denied*, 385 U.S. 838, 87 S.Ct. 87, 17 L.Ed.2d 72 (1966); *Wallace v. United States*, 281 F.2d 656 (4th Cir.1960); *Simon v. United States*, 123 F.2d 80 (4th Cir.1941), *cert. denied*, 314 U.S. 694, 62 S.Ct. 412, 86 L.Ed. 555 (1941). In recognition of the judge's ultimate responsibility for the conduct of trial proceedings, the Fourth Circuit has stated that:

It cannot be too often repeated, or too strongly emphasized, that the function of a federal trial judge is not that of an umpire or of a moderator at a town meeting. He [she] sits to see that justice is done in the cases heard before him [her]; and it is his [her] duty to see that a case on trial is presented in such a way as to be understood by the jury, as well as by himself [herself]. He [she] should not hesitate to ask questions for the purpose of developing the facts; and it is no ground of complaint that the facts so developed may hurt or help one side or the other.

.... The judge is the only disinterested lawyer connected with the proceeding. He [she] has no interest except to see that justice is done, and he [she] has no more important duty than to see that the facts are properly developed and that their bearing upon the question at issue are clearly understood by the jury.

---

7. See note 5 at ¶¶ 5–6.

8. I did, in fact, examine Mr. Payne concerning his actions on April 30, 1993 in warning the plaintiff William Bradley Lindsey that in reading passages from the book of Exodus, he was in violation of Beaufort's noise ordinance. Payne had testified, in response to leading questions by the defendants' attorney, that on April 30, 1993 he responded to a citizen complaint that plaintiff Lindsey was preaching on a public street adjacent to the Rhett Gallery and that he "determined" and "verified" that the noise level of plaintiff's preaching or bible reading was in violation of Beaufort's noise ordinance; and that he gave Lindsey a copy of the ordinance "which he

was violating." Gave him a copy of it and "told him he can continue preaching, just lower his tone.... If I got another complaint, he would be issued a summons." (Transcript, June 16, 1993 Motion Hearing). As I proceeded to ask Sergeant Payne to state what he did to "verify" that Lindsey's conduct was in violation of the Beaufort ordinance, the defendants' attorney on one occasion requested that I permit Sergeant Payne to complete an (unresponsive) answer to one of my questions and on another occasion he objected to my questions. On both occasions, I overruled Mr. Harvey's objections. At no time did I direct him to "sit down."

9. See note 5 at ¶ 5.

*Simon v. United States,* 123 F.2d 80, 83 (4th Cir.1941), *cert. denied,* 314 U.S. 694, 62 S.Ct. 412, 86 L.Ed. 555 (1941). While the Fourth Circuit adheres to the foregoing statement, the court has also embraced the view stated by the Third Circuit in *Groce v. Seder,* 267 F.2d 352, 355 (3rd Cir.1959), that:

> [W]here both sides are represented by eminently competent counsel we think it important that the court minimize its own questioning of witnesses, to the end that any such judicial departure from the normal course of trial be merely helpful in clarifying the testimony rather than prejudicial in tending to impose upon the jury what the judge seems to think about the evidence.

*See Pollard v. Fennell,* 400 F.2d 421, 424 (4th Cir.1968). While in some cases the Fourth Circuit has found that the manner in which the district judge conducted the trial unfairly influenced the jury to the prejudice of one of the parties, *see, e.g., Sit–Set, A.G. v. Universal Jet Exchange, Inc.,* 747 F.2d 921 (4th Cir.1984) and *Pollard v. Fennell,* 400 F.2d 421 (4th Cir.1968), the court reversed the judgments of the district court and ordered new trials.

I conclude that no conduct on my part during the hearing on the plaintiff's motion for a preliminary injunction in Number 93–1145 (*Lindsey v. City of Beaufort, et al.*) requires my recusal in these cases under 28 U.S.C. § 144 or § 455.

**B.**

In his affidavit, the affiant states the "understanding" that "when [this judge] was a practicing attorney in the 1960s, he represented "black student activists" in a similar civil rights case involving loud religious speech which was ultimately heard by the U.S. Supreme Court;"[10] and he asserts that this judge's "peculiar interest in and bias toward Plaintiffs in this case may stem from his participation in this and other civil rights cases."[11]

But it is axiomatic that "[t]he facts pleaded will not suffice to show the personal bias required by the statute if they go to the background and associations of the judge rather than to his appraisal of a party personally." *Pennsylvania v. Local Union 542, Int'l Union of Operating Eng'rs,* 388 F.Supp. 155, 159 (E.D.Pa.1974), *accord, Parrish v. Board of Comm'rs of Alabama State Bar,* 524 F.2d 98, 101 (5th Cir.1975), *cert. denied,* 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976); *Parker Precision Products Co. v. Metropolitan Life Ins. Co.,* 407 F.2d 1070, 1077–78 (3d Cir.1969); *In re Union Leader Corp.,* 292 F.2d 381, 388–89 (1st Cir.1961); *In re J.P. Linahan, Inc.,* 138 F.2d 650, 651–52 (2d Cir.1943); *Price v. Johnston,* 125 F.2d 806 (9th Cir.1942), *cert. denied,* 316 U.S. 677, 62 S.Ct. 1106, 86 L.Ed. 1750 (1942); *Paschall v. Mayone,* 454 F.Supp. 1289, 1300–01

---

10. See note 5 at ¶ 7.

11. See note 5 at ¶ 8. The case to which the affidavit refers is *Edwards v. South Carolina,* 372 U.S. 229, 83 S.Ct. 680, 9 L.Ed.2d 697 (1963). It is certainly true that, as a practicing attorney, I and several other lawyers defended the 187 "high school and college students of the Negro race," 372 U.S. at 230, 83 S.Ct. at 680, who assembled on the South Carolina State House Grounds to " 'submit a protest to ... the Legislative Bodies' " their " 'dissatisfaction with ... discriminatory actions against Negroes ... and that we would like for the laws which prohibited Negro privileges in this State to be removed.' " *Id.* The defendants were charged and convicted of the common law offense of breach of peace. Their convictions were ultimately reversed by the United States Supreme Court as repugnant to the First and Fourteenth Amendments. The affiant's

descriptive reference to the defendants in *Edwards* as *"black student activists"* is curious. The United States Supreme Court described them as "high school and college students of the Negro race." 372 U.S. at 230, 83 S.Ct. at 680. The South Carolina Supreme Court referred to them as "Negro students." *State v. Edwards,* 239 S.C. 339, 123 S.E.2d 247, 248 (1961). The suggestion that this judge as a practicing attorney "participated" in this and other civil rights cases is an even more curious reference to the fact that I did indeed represent a substantial number of citizens in civil and criminal cases, the ultimate resolution of which rested upon application of constitutional principles, including the First Amendment. However, the suggestion that I have a "peculiar interest in and bias towards the Plaintiffs" is but a conclusory statement without evidentiary support.

(S.D.N.Y.1978); *Blank v. Sullivan & Cromwell*, 418 F.Supp. 1, 4–5 (S.D.N.Y.1975); *Duplan Corp. v. Deering Milliken, Inc.*, 400 F.Supp. 497, 513 (D.S.C.1975). Here, the affiant has not alleged the existence of any personal relationship between this judge and any party or attorney in these cases. No personal bias for or against any party is alleged, nor does such a bias exist. The affiant only assumes that such a bias exists and he points to my representation of black Americans and other citizens in certain "civil rights" cases prior to ascending to the bench. Additionally, the affiant argues that "it appears that [this judge's] peculiar interest in and bias toward Plaintiffs in this case may stem from his participation in this and other civil rights cases." [12] The suggestion that I have a "peculiar interest" in and bias towards the plaintiffs is simply not true. Moreover, this argument is not based upon any objective fact and it is inappropriate for inclusion in the affidavit. While it is true that, as a practicing lawyer, I represented a substantial number of citizens who sought the vindication of their constitutionally protected rights, that fact does not, as the defendants argue, translate into a "peculiar interest" in and bias towards the plaintiffs in these cases.

I conclude that my recusal on the basis of this allegation is not warranted.

### C.

The affiant next states his "understanding" that this judge "declined to abstain" from hearing [these cases] even though a criminal case involving the same parties was currently proceeding through the South Carolina state court system.[13] Affiant also points to the decision of my colleague, United States District Judge David Norton, abstaining from hearing a case assigned to him, in which the plaintiffs similarly challenge the constitutionality of the Beaufort ordinance; and he argues that my decision, denying the defendants' motion to dismiss these cases or to abstain from hearing them

and my decision denying the defendants' motion to transfer these cases to the Charleston Division of this court "demonstrates [this judge's] keen interest in reaching the merits of this case in order to rule for the Plaintiffs." [14] My decisions, denying the defendants' motions to dismiss or abstain from hearing these cases, even if erroneous, do not require my recusal. *Knapp v. Kinsey*, 232 F.2d 458, 466 (6th Cir.1956), *cert. denied*, 352 U.S. 892, 77 S.Ct. 131, 1 L.Ed.2d 86 (1956); *In re J.P. Linahan*, 138 F.2d 650, 654 (2d Cir.1943); *Refior v. Lansing Drop Forge Co.*, 124 F.2d 440, 444 (6th Cir.1942), *cert. denied*, 316 U.S. 671, 62 S.Ct. 1047, 86 L.Ed. 1746 (1942); *Ryan v. United States*, 99 F.2d 864 (8th Cir.1938), *cert. denied*, 306 U.S. 635, 59 S.Ct. 484, 83 L.Ed. 1037 (1939). The affiant's argument that my decision denying these motions "demonstrates [my] keen interest in reaching the merits of this case in order to rule for the Plaintiffs" is not a statement of fact but is, instead, a statement of the affiant's subjective views and is inappropriate for inclusion in a recusal affidavit. If I erred or committed an abuse of discretion, the United States Court of Appeals for the Fourth Circuit will undoubtedly correct it.

These cases were filed in the Columbia Division of this Court and routinely assigned to this judge in accordance with the rotational system for assignment of cases that is utilized in this Court. If the facts asserted in the affidavit do not require my disqualification, I am not only permitted to preside over these cases, I have an affirmative duty not to withdraw. *Pennsylvania v. Local Union 542, Int'l Union of Operating Eng'rs*, 388 F.Supp. 155, 159 (E.D.Pa.1974). *See also Simmons v. United States*, 302 F.2d 71, 75 (3d Cir.1962); *In re Union Leader*, 292 F.2d 381, 391 (1st Cir.1961), *cert. denied*, 368 U.S. 927, 82 S.Ct. 361, 7 L.Ed.2d 190 (1961); *Tucker v. Kerner*, 186 F.2d 79, 85 (7th Cir.

12. See note 5 at ¶ 8.

13. See note 5 at ¶ 9.

14. *Id.*

1950); *United States v. Hanrahan,* 248 F.Supp. 471, 476 (D.D.C.1965); *In re Federal Facilities Realty Trust,* 140 F.Supp. 522, 524 (N.D.Ill.1956). The "facts" and conclusions alleged in the affidavit do not establish the existence of a personal bias. My disqualification will be warranted only if such a personal bias is shown. *Ex Parte American Steel Barrel Co.,* 230 U.S. 35, 43, 33 S.Ct. 1007, 1010, 57 L.Ed. 1379 (1913).

> Thus, a motion for disqualification ordinarily may not be predicated on the judge's rulings in the instant case or in related cases, nor on a demonstrated tendency to rule any particular way nor on a particular judicial leaning or attitude derived from his experience on the bench.

*Phillips v. Joint Legis. Comm.,* 637 F.2d 1014, 1020 (5th Cir.1981). *See also Liteky v. United States,* 510 U.S. ——, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994); *United States v. Grinnell Corp.,* 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966); *Berger v. United States,* 255 U.S. 22, 31, 41 S.Ct. 230, 232, 65 L.Ed. 481 (1921).

■ And "[r]ecusation is not warranted simply because a party 'might prefer that some other judge try his case.'" *Duplan Corp. v. Deering Milliken, Inc.,* 400 F.Supp. 497, 514 (D.S.C.1975) (*citing United States v. Nehas,* 368 F.Supp. 435, 436 (W.D.Pa.1973)).

My recusal on the basis of this allegation is not warranted.

### D.

■ The affiant next avers that this judge "ruled in favor of Jeffrey Blake Lindsey and Bill Dean Randall, two of the present Plaintiffs, in a prior action involving street preachers arising in the Town of Swansea, South Carolina...."[15] This averment is in reference to *Furr v. Town of Swansea,* 594 F.Supp. 1543 (D.S.C.1984), which held that a Town ordinance prohibiting preaching or other public speaking on the public street of the

Town without first obtaining a permit from the Chief of Police or Town Council constituted an unconstitutional prior restraint on the plaintiffs' First Amendment rights of freedom of speech and assembly and preliminarily enjoined its enforcement. The defendants are correct that I "ruled in favor" of the plaintiffs in *Furr v. Town of Swansea.* However, the defendants do not allege that I am personally associated or involved, either financially or otherwise, with the named parties. Nor do the defendants suggest that my decision in *Furr* was incorrect or, that it was the product of impropriety. The reference to my decision in *Furr* does not establish a personal bias by me either for the plaintiffs or against the defendants. This is a challenge like the one made more than four decades ago by the defendants to disqualify United States District Judge J. Waites Waring from hearing a case involving the efforts of black citizens to vote in Democratic primaries. *Baskin v. Brown,* 174 F.2d 391 (4th Cir.1949).[16] In his opinion for the court, affirming, *inter alia,* Judge Waring's refusal to disqualify himself on the same ground which the defendants urge here, Chief Judge Parker observed that:

> The facts set forth in this affidavit, however, show no personal bias on the part of the judge against any of the defendants, but, at most, zeal for upholding the rights of Negroes under the Constitution and indignation that attempt should be made to deny them their rights. A judge cannot be disqualified merely because he believes in upholding the law, even though he says so with vehemence. Personal bias against a party must be shown....

> \*    \*    \*    \*    \*    \*

> 'Personal' characterizes clearly the prejudgment guarded against. It is the

---

**15.** See note 5 at ¶ 10.

**16.** Judge Waring had previously ruled in favor of the plaintiffs in *Elmore v. Rice,* 72 F.Supp. 516 (E.D.S.C.1947), enjoining those conducting primary elections from denying Negro citizens the

right to vote therein. His decision was affirmed in *Rice v. Elmore,* 165 F.2d 387 (4th Cir.1947), *cert. denied,* 333 U.S. 875, 68 S.Ct. 905, 92 L.Ed. 1151 (1948).

significant word of the statute. It is the duty of a real judge to acquire views from evidence. The statute never contemplated crippling our courts by disqualifying a judge, solely on the basis of a bias (or state of mind. . . .) against wrongdoers, civil or criminal, acquired from evidence presented in the course of judicial proceedings before him.

*Baskin v. Brown,* 174 F.2d 391, 394 (4th Cir.1949) *See also Duplan Corporation v. Deering Milliken, Inc.,* 400 F.Supp. 497, 514–515 (D.S.C.1975) (Hemphill, J.) *(citing Berger v. United States,* 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921) and *Morse v. Lewis,* 54 F.2d 1027 (4th Cir.1932), *cert. denied,* 286 U.S. 557, 52 S.Ct. 640, 76 L.Ed. 1291 (1932)).

My decision in *Furr v. Town of Swansea* does not require my recusal in these cases.

### E.

Finally, the affiant avers that "[t]aken together" the grounds above stated "strongly suggest that . . . the Defendants cannot be assured of [this judge's] neutral and detached adjudication of the Plaintiffs' claims and allegations."[17] But, as the foregoing discussion demonstrates, neither of the grounds separately stated in the affidavit requires my recusal. Each of the grounds asserted in the affidavit must be examined for its own legal sufficiency as requiring recusal. "An affidavit, such as the one here, which purports to be based on the cumulative effect of a series of statements may be legally sufficient, but 'it is axiomatic, that a whole can be no greater than its component parts.'" *Duplan Corp. v. Deering Milliken, Inc.,* 400 F.Supp. 497, 507 (D.S.C.1975) *(citing United States v. Valenti,* 120 F.Supp. 80, 88 (D.N.J.1954)). This ground, which asserts the cumulative effect of my alleged transgressions neither of which, standing alone, is legally sufficient, does not require my recusal.

17. See note 5 at ¶ 11.

An observation made by the court in *Miller Indus. v. Caterpillar Tractor Co.,* 516 F.Supp. 84, 87 (S.D.Ala.1980), is of like force here:

In determining the necessity for disqualification, all circumstances bearing upon it should be considered. But that does not mean that various circumstances, each insufficient standing alone, mandates sufficiency in totality. Under the factual situation here presented, holding that these various circumstances in combination require disqualification would be tantamount to holding that adding several zeroes together would produce something more than zero.

### CONCLUSION

Upon consideration of the motion, the affidavit and the arguments thereon, the motion is hereby denied.

IT IS SO ORDERED.